DOUGLAS H. WIGDOR (NY SBN 2609469)
DAVID E. GOTTLIEB (NY SBN 4415568)
JEANNE M. CHRISTENSEN (NY SBN 2622124)
ELIZABETH J. CHEN (NY SBN 5126214)
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue
New York, NY 10003
Tel.: (212) 257-6800
Fax: (212) 257-6845

ERIC F. YUHL (SBN 102051)
COLIN A. YUHL (SBN 259196)
**YUHL CARR LLP**
4676 Admiralty Way, Suite 550
Marina Del Rey, CA 90292
Tel.: (310) 827-2800
Fax: (310) 827-4200

Attorneys for Plaintiffs,
**HYEJIN LEE, RUIQI YE, YOLIN HAN**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYEJIN LEE, RUIQI YE and YOLIN HAN, individually and on behalf of all other similarly-situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SEPHORA USA, INC.,<br><br>Defendant. | Case No.: 3:14-cv-05237(EMC)<br><br>**[~~PROP~~OSED] STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |

COUNSEL:

Plaintiffs Hyejin Lee, Ruiqi Ye, Yolin Han ("Plaintiffs") and Defendant Sephora USA,

Inc. ("Sephora" or "Defendant") anticipate that documents, testimony, or information containing

or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Protective Order") setting forth the conditions for treating, obtaining, and using such information.

## 1. PURPOSES AND LIMITATIONS

(a)     Protected Material (as defined below) designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures made during discovery, or in initial or supplemental disclosures under Rule 26(a). Designations under this Protective Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

(c)     The parties acknowledge that the protection that this Protective Order affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the

standards that will be applied when a party seeks permission from this Court to file material under seal.

## 2.   GOOD CAUSE STATEMENT

This action is likely to involve customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information; information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties); and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### 3.   **DEFINITIONS**

(a)   "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)   "Counsel" means in-house counsel for the parties, outside counsel of record for the parties, and attorneys, paralegals, and their staff, and any copying or clerical litigation support services working at the direction of such attorneys, paralegals, and staff who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

(c)   "Party" means any party to this case, including all of its officers, directors, employees, and consultants.

(d)   "Producing Party" means a Party or non-party that discloses or produces any Discovery Material in this case.

(e)   "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL PER COURT ORDER," or "HIGHLY CONFIDENTIAL PER COURT ORDER - ATTORNEYS' EYES ONLY," as provided for in this Protective Order.  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; (ii) materials that show on their face they have been disseminated to the public; or (iii) any Discovery Material known to the Receiving Party prior to the

disclosure, or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party. This provision does not limit a Party's ability, or waive a Party's rights under the Federal Rules of Civil Procedure or any other rules or orders, to enforce confidentiality obligations of the Parties or any other third parties, including, but not limited to, the right to claw back any inadvertently produced materials.

(f)   "Receiving Party" means a Party who receives Discovery Material from a Producing Party.

## 4.   **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

## 5.   **SCOPE**

(a)   The protections conferred by this Protective Order cover not only Protected Material governed by this Protective Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)   Nothing in this Protective Order shall prevent or restrict a Producing Party's disclosure or use of its own Protected Material for any purpose, and nothing in this

Protective Order shall preclude any Party from showing any Protected Material to any individual who prepared, sent, or received the Protected Material as indicated on the face of the document.

(c)    Nothing in this Protective Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing if such use is made with the written consent of the Producing Party or by order of this Court.

(d)    This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material, including, without limitation, an order that certain matter not be produced at all.

## 6.    DURATION

The confidentiality obligations imposed by this Protective Order shall remain in effect unless and until a Producing Party agrees otherwise in writing or this Court otherwise orders.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

(a)    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle the above-captioned litigation, and not for any other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

(b)     <u>Secure Storage, No Export.</u> Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

(c)     <u>Legal Advice Based on Protected Material.</u> Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Protective Order.

(d)     <u>Limitations.</u> Nothing in this Protective Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Protective Order shall restrict in any way the use or disclosure of the following Discovery Material by a Receiving Party: (i) advertising materials that have been actually published or publicly disseminated; (ii) materials that show on their face they have been disseminated to the public; or (iii) any Discovery Material known to the Receiving Party prior to the disclosure, or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party. Furthermore, nothing in this Protective Order shall restrict the use or disclosure of Discovery Material by a Receiving Party where such use or disclosure is made with the written consent of the Producing Party or pursuant to an order of the Court.

1

2

### 8.   DESIGNATING PROTECTED MATERIAL

3

(a)   <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

4

Each Party or non-party that designates information or items for protection under this Protective

5

Order must take care to limit any such designation to specific documents and testimony that

6

qualify under the appropriate standards. If it comes to a Producing Party's attention that

7

information or items that it designated for protection do not qualify for protection at all or qualify

8

for a different level of protection than initially asserted, that Producing Party must promptly

9

notify the Receiving Party that it is withdrawing or modifying the mistaken designation.

10

(b)   <u>Manner and Timing of Designations.</u> Except as otherwise provided in this

11

Protective Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for

12

protection under this Protective Order must be clearly so designated at or before the occasion

13

when the material is disclosed or produced.

14

(c)   <u>Available Designations.</u> A Producing Party may designate Discovery

15

Material with any of the following designations, provided that it meets the requirements for such

16

designations as provided for herein: "CONFIDENTIAL PER COURT ORDER" or "HIGHLY

17

CONFIDENTIAL PER COURT ORDER - ATTORNEYS' EYES ONLY."

18

(d)   <u>Written Discovery and Documents and Tangible Things.</u> Written

19

discovery, documents (which include "electronically stored information," as that phrase is used

20

in Federal Rule of Civil Procedure 34), and tangible things may be designated

21

"CONFIDENTIAL PER COURT ORDER" or "HIGHLY CONFIDENTIAL PER COURT

22

ORDER - ATTORNEYS' EYES ONLY" by placing the appropriate designation on every page

23

24

25

26

27

28

of the written material prior to or at the time of production. In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL PER COURT ORDER – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate, during the copying process.

(e)   <u>Native Files.</u> Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Protective Order by: (1) appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL PER COURT ORDER" or "HIGHLY CONFIDENTIAL PER COURT ORDER - ATTORNEYS' EYES ONLY" material; (2) producing metadata sufficient to preserve the original file name; and (3) generating a .pdf, .tiff or other  file corresponding to each native that bears the Bates number, the statement "DOCUMENT PRODUCED NATIVELY," and the Producing Party's confidentiality designation, or by using any other reasonable method for so identifying and designating Protected Material produced in native electronic format. When native electronic files or documents designated as containing Protected Material are printed for use at a deposition or in a court proceeding, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Producing Party and including the production number and designation associated with the native file, or shall use any other reasonable method for so identifying the Protected Material produced in native electronic format. No one shall use in a court proceeding or at a deposition any .tiff, .pdf or other image format version of a document produced in native file format and designated as containing Protected

*Lee et al. v. Sephora USA, Inc.*                    *[Proposed] Stipulated Protective Order*
                                          Case No. 3:14-cv-05237-EMC

Material without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(f)     <u>Depositions and Testimony.</u> The court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  All deposition transcripts shall initially be treated as "HIGHLY CONFIDENTIAL PER COURT ORDER – ATTORNEYS' EYES ONLY" in their entirety for thirty (30) days following receipt of the final transcript from the Court Reporter, after which time the transcript will have no confidentiality designation, unless one or both Parties identify which portions of the transcript should be designated under this Protective Order. The Party(ies) shall identify any portions of the transcript which it or they believe should be designated under the Protective Order and the particular designation of that portion within that same thirty (30) days following receipt of the final transcript from the Court Reporter. Each party shall have fourteen (14) days following the designation of any portion of the transcript as covered under the Protective Order to object to that designation; if any party so objects, that portion of the transcript shall continue to be treated as "HIGHLY CONFIDENTIAL PER COURT ORDER – ATTORNEYS' EYES ONLY" for so long as the dispute persists. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order. In the event the deposition is videotaped and contains or discusses Protected Material, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this

Protective Order, substantially along the lines of: "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this case or pursuant to the written stipulation of all parties." Counsel for any Producing Party shall have the right to exclude from oral depositions any person (other than the deponent, deponent's counsel, reporter and videographer (if any)) who is not authorized by this Protective Order to receive or access Protected Material during periods of examination or testimony regarding Protected Material.

## 9. INDIVIDUALS TO WHOM PROTECTED MATERIAL MAY BE REVEALED

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL PER COURT ORDER" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL PER COURT ORDER" may be disclosed by the Receiving Party only to the following:

(i) the Receiving Party's counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this action;

(ii) the Receiving Party and the officers, directors, and employees (including in-house counsel) thereof to whom disclosure is reasonably necessary for this action;

---

(iii) retained experts of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv) the Court and its personnel;

(v) court reporters and their staff;

(vi) professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vii) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii) any other person with the prior written consent of the Producing Party.

(c)    A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL PER COURT ORDER – ATTORNEY'S EYES ONLY" if it contains or reflects extremely sensitive information, disclosure of which to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Examples of such extremely sensitive information include, but are not limited to, proprietary technology, trade secrets, and customers' private information.  Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL PER COURT ORDER – ATTORNEY'S EYES ONLY" may be disclosed only to the following:

(i) the Receiving Party's counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this action;

(iii) retained experts of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv) the Court and its personnel;

(v) court reporters and their staff;

(vi) professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vii) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii) any other person with the prior written consent of the Producing Party.

## 10.   CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)   A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Protective Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

---

*Lee et al. v. Sephora USA, Inc.*

13

*[Proposed] Stipulated Protective Order*
Case No. 3:14-cv-05237-EMC

(b)     Any challenge to a designation of Discovery Material under this Protective Order shall be written, shall be served on outside counsel for the Producing Party, shall identify particularly the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The Receiving Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. In bringing any such motion, the Receiving Party shall ensure that none of the Discovery Material designated by the Producing Party is filed in the public record unless and until the Court orders the designation removed.  The Parties' entry into this Protective Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the Party who designated the Discovery Material in question

withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

### 11. SUBPOENAS OR COURT ORDERS

If at any time Protected Material is subpoenaed from the Receiving Party by any court, arbitral, administrative, or legislative body, the Receiving Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to the Producing Party and to its outside counsel and shall provide the Producing Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

### 12. FILING PROTECTED MATERIAL

(a)    Absent written permission from the Producing Party or a court order secured after appropriate notice, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)    Any Party seeking to file any briefs, documents or other materials that are, or that reference or contain any documents or materials that are, designated as Protected Material under this Protective Order shall first seek to obtain court approval to file any such brief, document or other materials under seal pursuant to Civil Local Rule 79-5.

### 13. NON-WAIVER AND CLAW BACK PROTOCOL (FED. R. EVID. 502(d))

(a)    Pursuant to Federal Rule of Evidence 502(d), production or disclosure of Discovery Material in this case shall not waive, for purposes of this case or otherwise, any

privilege or protection (including attorney-client privilege or work product protection) that would otherwise apply.

(b)  A Producing Party may assert privilege or protection over Discovery Material at any time by notifying the Receiving Party(ies) in writing of the assertion of privilege or protection, except that (a) affirmative and knowing use of particular Discovery Material by the Producing Party in the case (other than in a motion to determine the applicability of privilege or protection) waives privilege and protection with respect to that particular Discovery Material and other Discovery Material to the extent provided by Federal Rule of Evidence 502(a); and (b) upon use in this case by another of Discovery Material that was produced by a Party, that Producing Party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

(c)  Upon receipt of notice of the assertion of privilege or protection over Discovery Material, the Receiving Party shall: (a) to whatever extent it contests the assertion of privilege or protection, promptly (no later than within five (5) business days of such notice) notify the Producing Party and maintain the contested Discovery Material in confidence pending resolution of the contest; and (b) to whatever extent the Receiving Party does not contest the assertion of the privilege or protection, promptly (no later than within five (5) business days of such notice) certify in writing to the Producing Party that it has returned or destroyed the applicable Discovery Material and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom, including excerpts, summaries, or compilations thereof.  In the event of a contested assertion of privilege or protection over

Discovery Material, the Parties shall meet and confer in good faith to resolve such contested assertion. If the dispute cannot be resolved amicably after meeting and conferring in good faith, either Party may bring the contest to the attention of the Court. The Producing Party at all times retains the burden of establishing the privileged or protected nature of the Discovery Material, and the production of the Discovery Material shall not be used by the Receiving Party in an effort to establish that the Discovery Material is not privileged or protected. If the Court determines that the Discovery Material is privileged or protected, the Receiving Party(ies) shall within ten (10) business days of such determination promptly certify in writing to the Producing Party that it has returned or destroyed the applicable Discovery Material and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom.

### 14.   FAILURE TO DESIGNATE PROPERLY

The failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Protective Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Protective Order promptly after the Producing Party learning of the failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) calendar days of its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall either return to the Producing Party all Discovery Material and copies thereof that were not designated properly, or

destroy all such Discovery Material and copies thereof in its possession and certify such destruction to the Producing Party.

### 15.   DISCLOSURE NOT AUTHORIZED BY ORDER

In the event of a disclosure of any Protected Material pursuant to this Protective Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure shall immediately notify counsel for the Producing Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.  Unauthorized disclosure does not change the confidentiality status of the Protected Material or waive or otherwise alter the right of the Producing Party to maintain the designation of the material as protected.

### 16.   FINAL DISPOSITION

(a)    Not later than ninety (90) days after the Final Disposition of this case, all Protected Material designated in accordance with this Protective Order shall be either: (1) placed by counsel for the Receiving Party in a sealed envelope with the words to the effect "Confidential Pursuant to Stipulated Protective Order" on the envelope and returned to the Producing Party, or (2) destroyed by counsel for the Receiving Party (followed by a certification of destruction of all Protected Material and all copies thereof, as well as all excerpts, summaries, or compilations thereof, to be furnished by counsel for the Receiving Party within those same 90

---

days).  . "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)    Notwithstanding paragraph 16(a), outside counsel for the Receiving Party may retain one set of pleadings and correspondence (but not document productions) for archival purposes.

## 17.    MISCELLANEOUS

(a)    Right to Further Relief. Nothing in this Protective Order abridges the right of any person or party to seek its modification by the Court in the future. By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)    Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter. The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)    Successors. This Protective Order shall be binding upon the Parties. This Protective Order shall also be binding upon the Parties' attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control who received access to Protected Material.

(d)    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or

producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Protective Order shall not constitute a waiver of any argument of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)   <u>Burdens of Proof.</u> Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so what restrictions should apply.

(f)   <u>Dispute Resolution.</u> All disputes concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the United States District Court for the Northern District of California.

(g)   <u>Discovery Rules Remain Unchanged.</u> Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders. Identification of any individual as one who received Protective Material pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated: August 12, 2015                    Respectfully submitted,

4                                              **WIGDOR LLP**

5

6                                              By:  /s/ Jeanne M. Christensen
                                               Jeanne M. Christensen

7

8                                              85 Fifth Avenue
                                               New York, NY 10003
9                                              Telephone:  (212) 257-6800
                                               Facsimile:   (212) 257-6845
10                                             dwigdor@wigdorlaw.com
                                               dgottlieb@wigdorlaw.com
11                                             jchristensen@wigdorlaw.com
                                               echen@wigdorlaw.com
12

13                                             **YUHL CARR LLP**

14

15                                             By:  /s/ Colin A. Yuhl
                                               Colin A. Yuhl

16                                             4676 Admiralty Way, Suite 550
17                                             Marina Del Rey, CA 90292
                                               Telephone: (310) 827-2800
18                                             Facsimile:   (310) 827-4200
                                               cyuhl@yuhlcarr.com
19                                             eyuhl@yuhlcarr.com

20

21                                             *Counsel for Plaintiffs*

22

23

24

25

26

27                                  21         *[Proposed] Stipulated Protective Order*
     *Lee et al. v. Sephora USA, Inc.*         Case No. 3:14-cv-05237-EMC
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BARACK FERRAZZANO
KIRSCHBAUM & NAGELBERG LLP**


By: /s/ Robert E. Shapiro
Robert E. Shapiro

200 W. Madison Street, Suite 3900
Chicago, IL 60606
Telephone:  (312) 984-3100
Facsimile:  (312) 984-3150
rob.shapiro@bfkn.com
shermin.kruse@bfkn.com
krista.nelson@bfkn.com


**ORRICK, HERRINGTON &
SUTCLIFFE LLP**


By: /s/ Andrew R. Livingston
Andrew R. Livingston

The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:  (415) 773-5700
Facsimile:  (415) 773-5759
alivingston@orrick.com
kmantoan@orrick.com

*Counsel for Defendant Sephora USA Inc.*

*[Proposed] Stipulated Protective Order*
Case No. 3:14-cv-05237-EMC

1

<u>**ORDER**</u>

2

**PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING IT IS SO**

3

**ORDERED**.

4

Dated:   8/12/15



5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, acknowledge and declare that I have received a copy of the Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Protective Order") in *Lee, et al. v. Sephora USA, Inc.*, United States District Court, Northern District of California, San Francisco Division, Case No. 3:14-cv-05237-EMC.  Having read and understood the terms of the Protective Order, I agree to be bound by the terms of the Protective Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Protective Order.

Name of individual: _____

Name of Company or Firm: _____

Present occupation/job description: _____

_____

_____

Dated: _____

_____
Signature