# Exhibit 2

1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11          SAN FRANCISCO DIVISION

12

13   RUIQI YE and YOLIN HAN, individually and          Case No. 3:14-cv-05237-EMC
     on behalf of all other similarly-situated
14   individuals,                                      **CLASS ACTION SETTLEMENT**
                                                       **AGREEMENT**
15                    Plaintiff,

16          v.

17   SEPHORA USA, INC.,

18                    Defendant.

19

20

21

22

23

24

25

26

27

28

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into between the following parties: (a) plaintiffs Ruiqi Ye and Yolin Han (collectively, "Plaintiffs"), on behalf of themselves and all Class Members as defined herein; and (b) defendant Sephora USA, Inc. ("Defendant").  The undersigned Parties agree, subject to approval by the Court, that this Litigation (as defined below) and all Released Claims (as defined below) are hereby fully and finally compromised, settled, and released on the terms and conditions set forth in this Agreement.

## I.    DEFINITIONS

1.1    "Administrative Expenses" means all costs, disbursements, and expenses reasonably incurred in the implementation of this Settlement Agreement by the Claims Administrator including, but not limited to: the cost of preparing and disseminating notice to all Class Members informing them of the Settlement Agreement and the claims process; the cost of reviewing claims; the cost of distributing Settlement Benefits to Authorized Claimants; and other reasonable fees and expenses of  the Claims Administrator. The cost estimate for the Administrative Expenses at the time of the finalization of the Settlement Agreement is approximately $20,000.

1.2    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Claim Form to the Claims Administrator.

1.3    "Claims Administrator" means Dahl Administration LLC ("Dahl"), , as well as other employees of Dahl and outside vendors working under Dahl's supervision, or such other qualified third-party retained by mutual agreement of the Parties to perform the duties of the Claims Administrator set forth in this Agreement.

1.4    "Claim Form" means a proof of claim and release in substantially the form of Exhibit B, attached hereto.

1.5    "Claim Period" means the period of time beginning from the date that the Class Notice is emailed to Class Members and ending 45 days after said date (or, if the 45th day falls on a weekend or holiday, the next business day thereafter).

1

2      1.6      "Class Counsel" or "Plaintiffs' Counsel" means collectively the law firms of

3   Wigdor LLP and Anderson & Poole, P.C.

4      1.7      "Class Members" and the "Class" means all Sephora customers who meet all of

5   the following criteria: (i) had one or more Sephora "Beauty Insider" account(s) with VIB or VIB

6   Rouge status as of November 4, 2014 that was associated with an email address from the domain

7   @qq.com, @126.com, or @163.com; (ii) had their account(s) deactivated as a result of the

8   computer code that Sephora implemented on or about November 6, 2014; and (iii) attempted to

9   but were unable to make a purchase at www.sephora.com using their "Beauty Insider" account(s)

10  at some point in November 2014.

11      1.8      "Class Notice" means the Court-approved form of notice to Class Members, which

12  will include language in substantially the same form as Exhibit A, attached hereto and will notify

13  Class Members of the preliminary approval of the Settlement Agreement, the scheduling of the

14  Final Approval Hearing, and the process to submit a Claim Form, among other things.

15      1.9      "Complaint" means the class action complaint filed in the Litigation on November

16  26, 2014.

17      1.10     "Court" means the United States District Court, Northern District of California.

18      1.11     "Defendant" means Sephora USA, Inc.

19      1.12     "Defendant's Counsel" means, collectively, the law firms of Barack Ferrazzano

20  Kirschbaum & Nagelberg LLP and Orrick, Herrington & Sutcliffe LLP.

21      1.13     "Days" means calendar days, unless otherwise expressly stated herein, except that,

22  when computing any period of time prescribed or allowed by this Settlement Agreement, the day

23  of the act, event, or default from which the designated period of time begins to run shall not be

24  included.

25      1.14     "Effective Date" means the date on which the Court's Final Approval Order

26  becomes final.  For purposes of this paragraph, the Court's Final Approval Order "becomes final"

27  upon the last to occur of the following: (a) the date of final affirmance on appeal of the Judgment;

28  (b) the date of final dismissal of any appeal from the Judgment or the final dismissal of any

proceeding to review the Judgment; or (c) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment.

1.15    "Fees and Expenses" means the attorneys' fees and expenses incurred by Class Counsel in the prosecution of the Litigation, sought by Class Counsel in their application to the Court in accordance with Paragraph 5.1 of this Agreement, and approved by the Court to Class Counsel.

1.16    "Final Approval" means that the Court has entered the Judgment and Order of Dismissal.

1.17    "Final Approval Hearing" means a hearing held before the Court to consider Final Approval of the Settlement as described in Paragraph 6.3.3 of this Agreement.

1.18    "Final Approval Order" and "Final Judgment" means the Court order entered after the Final Approval Hearing that  approves this Settlement Agreement and dismisses the Litigation, substantially in the form attached hereto as Exhibit E.

1.19    "Litigation" means *Lee, et al. v. Sephora USA, Inc.,* United States District Court, Northern District of California, Case No. 3:14-cv-05237 EMC.

1.20    "Net Settlement Proceeds" means the Settlement Amount less Administrative Expenses, Fees and Expenses and Service Awards, as approved by the Court,

1.21    "Parties" means Plaintiffs and Defendant, collectively.

1.22    "Party" means any one of Plaintiffs or Defendant.

1.23    "Persons" includes, without limitation, natural persons, firms, corporations, businesses, limited liability companies, partnerships, federal, state and other governments and their political subdivisions, agencies and instrumentalities, and all other entities.

1.24    "Plaintiffs" and "Class Representatives" means Ruiqi Ye and Yolin Han.

1.25    "Preliminary Approval" means issuance of an order, in substantially the same form as Exhibit D hereto, that is consistent with and preliminarily approves in all material respects the terms of the Settlement and this Agreement.

1.26    "Preliminary Approval Date" means the date the Court enters an order preliminarily approving the Settlement.

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 3:14-CV-05237-EMC

1.27   "Released Claims" shall have the meaning set forth in Section 7.1 of this Agreement.

1.28   "Released Parties" means (i) Sephora USA, Inc., (ii) its respective past or present parents, subsidiaries, divisions, affiliates (including LVMH Moet Hennessy Louis Vuitton SE and Fresh, Inc.), associates, predecessors, successors, officers, directors, managing directors, controlling shareholders, partners, principals, members, employers, employees, agents, consultants, advisors, insurers and attorneys; (iii) any Person, firm, trust, corporation, officer, director or other individual or entity in which Sephora USA, Inc. has a controlling interest; (iv) the legal representatives, heirs, successors in interest or assigns of any of the foregoing.

1.29   "Request for Exclusion" means the document which a Class Member must complete and timely submit to request exclusion from the Settlement Class, in the form set forth in Exhibit C to this Agreement, pending approval by the Court.

1.30   "Service Awards" shall have the meaning set forth in Paragraph 5.6 of this Agreement.

1.31   "Settlement Agreement" or "Settlement" means this Settlement Agreement including the exhibits attached hereto.

1.32   "Settlement Amount" means Nine Hundred Fifty Thousand Dollars ($950,000.00) that Sephora has agreed to pay in accordance with the Settlement Agreement.  The Settlement Amount will not be increased regardless of the rate of participation of Class Members in connection with Settlement Benefits.

1.33   "Settlement Benefits" means the benefits provided to Settlement Class Members as set forth in Paragraph 3.1.3 of this Agreement.

1.34   "Settlement Class" and "Settlement Class Members" mean those Class Members who do not properly and timely submit a Request for Exclusion from the Settlement.

## II.   RECITALS

### Background

2.1   Plaintiffs filed this Litigation on November 26, 2014.  Sephora filed its Answer on February 2, 2015.  After engaging in targeted discovery and litigating discovery disputes, the

1    Parties participated in private mediation before the Honorable Edward A. Infante on October 29,

2    2015.  Plaintiffs filed a motion for class certification on July 21, 2016, and Sephora timely

3    opposed on August 11, 2016.  Thereafter, on August 24, 2016, the parties participated in a second

4    mediation before the Honorable Jacqueline Corley, United States Magistrate Judge. After

5    substantive discussion about the claims, negotiations, and careful consideration of the merits,

6    risks and costs of the impending litigation, the Parties agreed to settle the Litigation.

7          2.2      In their Complaint, Plaintiffs, individually and on behalf of a proposed class,

8    allege that Sephora discriminated against them on the basis of their race and national origin when

9    Sephora deactivated their loyalty program accounts during the November 2014 20% off customer

10   rewards sale because they were associated with @qq.com, @126.com, or @163.com domains.

11   They further allege that the account deactivations had a discriminatory impact on customers of

12   actual and perceived Chinese/Asian descent. Plaintiffs sought to certify a class of all Sephora

13   customers who they contend were similarly situated.

14         2.3      Defendant has disputed and continues to dispute each of the allegations and claims

15   alleged by Plaintiffs in this Litigation, including, but not limited to, the allegations described

16   above in Paragraph 2.2.  Defendant has denied and continues to deny all charges of wrongdoing

17   or liability arising out of any of the conduct, statements, acts, or omissions that have been alleged

18   or that could have been alleged in the Litigation.  Defendant also disputes that Plaintiffs, the

19   Class, or any other members of the Class have suffered damages or harm by reason of the

20   conduct, statement, acts, or omission of Defendant.  Defendant does not concede or agree that

21   class certification is proper , except for purposes of this Settlement Agreement.  Neither this

22   Settlement Agreement, nor any document referred to or contemplated herein, nor any action taken

23   to carry out this Settlement Agreement, may be construed as, or used as, an admission by

24   Defendant of any fault, wrongdoing, or liability whatsoever, or as a concession that certification

25   of a class other than for purposes of this Settlement Agreement is appropriate in this or any other

26   case.

27

28

CLASS ACTION SETTLEMENT AGREEMENT
                                                        CASE NO. 3:14-CV-05237-EMC

<u>Benefits of Settlement to Class Members and the Parties</u>

2.4    Plaintiffs contend the Settlement Agreement is an extraordinary result in light of the risks and uncertainties faced by Plaintiffs.  Although Plaintiffs believe that their claims are strong on the merits and capable of being tried on a class-wide basis, Class Counsel realizes that the case presents significant risks, particularly given the contested factual disputes and unresolved legal issues.  For its part, Defendant disputes Plaintiffs' allegations, but acknowledges that continued litigation would be protracted and costly.  Plaintiffs maintain that this non-reversionary settlement makes timely and meaningful monetary recovery available to an estimated 15,000 class members.  The Settlement Agreement was negotiated in good faith and at arms' length, following both a private mediation with the Hon. Edward J. Infante and a settlement conference before Magistrate Judge Jaqueline Corley.  Its terms are based on an agreement in principle that the parties reached with Magistrate Judge Corley's assistance.

2.5    Defendant, while continuing to deny all allegations of wrongdoing and to dispute any liability with respect to the claims asserted in the Complaint, considers it desirable to resolve the Litigation on the terms stated herein, in order to avoid further risk, expense, inconvenience, and interference with its ongoing business operations.

### III.    SETTLEMENT AMOUNT AND BENEFITS

The  Settlement Amount  will be non-reversionary, with no portion to revert to Sephora.  The Settlement Amount will be used to satisfy (1) the claims of all Authorized Claimants, (2) Plaintiffs' Attorney's Fees and Expenses subject to Court approval and pursuant to the terms enumerated in Paragraph 5.1, (3) Service Awards to the Class Representatives subject to Court approval and pursuant to the terms enumerated in Paragraph 5.6, and (4) Administrative Expenses.

3.1    The Net Settlement Proceeds will be allocated as follows:

3.1.1    Each Class Member who does not submit a timely and valid Request for Exclusion or otherwise request exclusion from the Settlement during the Claim Period shall be a Settlement Class Member.

3.1.2   Each Settlement Class Member will be permitted, through the process described in Paragraph 4.4 of this Agreement, to submit a Claim Form selecting either cash or a Sephora Electronic Gift Card (as defined below) (collectively, the "Settlement Benefit").

3.1.3   The amount of the Settlement Benefit an Authorized Claimant will receive will be determined on a pro rata basis based on the total amount of the Net Settlement Proceeds to be allocated among all Authorized Claimants and the total number of Authorized Claimants, with each Authorized Claimant who selected a Sephora Electronic Gift Card receiving twice what each Authorized Claimant who selected cash will receive, and subject to a cap of $125.00 in cash or $250.00 in a Sephora Electronic Gift Card to each Authorized Claimant.

3.1.4   Any amount remaining in the Net Settlement Proceeds after allocation among the Authorized Claimants at the conclusion of the Claim Period will be collected in a *cy pres* fund that will be delivered to the National Asian Pacific American Women's Forum or another 501(c)(3) non-profit to be agreed upon by the Parties.

3.2     Subject to the claims process described in this Settlement Agreement, Authorized Claimants will receive either a check or a "Sephora Electronic Gift Card" (as defined below).

3.3     Any checks issued to Authorized Claimants shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance; after this 180 day period, the checks will no longer be valid or negotiable and may be cancelled.  If cancelled, the value of those check(s) will be distributed to the same *cy pres* recipient specified in Paragraph 3.1.4 above.

3.4     A "Sephora Electronic Gift Card" is an electronic credit that may be used to purchase any item(s) offered on www.sephora.com or a "Sephora Retail Location" (as defined below).  The Sephora Electronic Gift Card can be used to pay for applicable sales tax and shipping charges on purchases, in addition to the cost of item(s).  The Sephora Electronic Gift Card shall be freely transferable.  Each Sephora Electronic Gift Card shall expire one year after

1  the date on which it is first e-mailed to the recipient Authorized Claimant, and may not be used to

2  purchase items after the expiration date.

3      3.5    A "Sephora Retail Location" is any retail store operated and owned by Sephora in

4  the United States.  For the avoidance of doubt, a Sephora Retail Location does not include any

5  Sephora Inside JC Penney location.

6  **IV.    NOTICE AND CLAIM PROCESS**

7      4.1    Concurrently with the filing of the motion for Preliminary Approval of the

8  Settlement, Plaintiffs will move the Court to appoint Dahlas the Claims Administrator, who will

9  administer the Settlement Agreement in accordance with this Settlement Agreement or as

10  required by the Court.

11      4.2    Sephora will provide the Claims Administrator with a list of each Sephora "Beauty

12  Insider" account(s) with VIB or VIB Rouge status as of November 4, 2014 that was associated

13  with an email address from the domain @qq.com, @126.com, or @163.com that was deactivated

14  as a result of the computer code that Sephora implemented on or about November 6, 2014  along

15  with the name and email address(es) associated with each account according to Sephora's records

16  (the "Class Data"), to the extent that Sephora has access to this information. Sephora agrees to

17  reasonably assist the Claims Administrator  by providing the names and last known email

18  address(es)for purposes of notifying Class Members, to the extent that Sephora has access to this

19  information. .  In accordance with Exhibit A, the Parties will request that the Court permit Dahl to

20  issue Class Notice via email address(es). Sephora will provide the Class Data to the Claims

21  Administrator no later than fourteen (14) days (or, if that date falls on a weekend or holiday, the

22  next business day thereafter) after the date the Court enters an order granting preliminary

23  approval of the Settlement.  Class Data shall be used by the Claims Administrator solely for the

24  purpose of notifying the Class Members of the Settlement.  Class Data shall be provided in a

25  format to be mutually agreed upon by the Claims Administrator and Sephora.

26      4.3    As soon as practicable after receiving the Class Data, but no later than ten (10)

27  business days after its receipt, the Claims Administrator shall email to each Class Member at the

28  email address associated with a qualifying "Beauty Insider" account, a link to the Class Notice

1  and a link to the website created and operated by the Claims Administrator ("Class Website") that

2  is dedicated to this Settlement Agreement and provides access to fillable and downloadable Class

3  Forms.

4       4.4     To receive a Settlement Benefit, each Class Member must, during the Claim

5  Period, electronically submit the Claim Form, which shall include: (a) his or her full name,

6  current mailing address, current phone number, and current email address; (b) any and all email

7  address(es) associated with his or her Sephora "Beauty Insider" account(s); (c) a statement that he

8  or she attempted to but was unable to make a purchase at www.sephora.com using his or her

9  "Beauty Insider" account(s) in November 2014; and (d) confirmation under penalty of perjury

10  that the foregoing information provided is true and correct.  To assist the Claims Administrator in

11  the confirmation process, the Claim Form shall also contain a blank where Class Members are

12  instructed to describe any errors to their name or other personal identifying information apparent

13  in the e-mailed Notice.  The Claims Administrator shall strictly adhere to the time deadlines set

14  forth in this Paragraph.

15       4.5     To be valid, a Claim Form must be submitted within the Claim Period, and the

16  submitting Class Member must not submit a Request for Exclusion or otherwise request

17  exclusion from the Settlement Agreement  within the Claim Period.

18       4.6     Subject to the terms of this Settlement Agreement and other claims procedures that

19  may be implemented, the Claims Administrator will have discretion to accept or reject any

20  Claims Form returned by any Class Member and to determine whether Class Members are

21  Authorized Claimants.  The Claims Administrator shall have the right to reject any claims

22  deemed to be fraudulent, insufficient, or incomplete.  Should the Claims Administrator reject any

23  claim, the reasons for rejection shall be recorded and provided to the Parties upon request.  The

24  Claims Administrator shall notify any Class Member whose claim is rejected in full, explaining

25  the reasons for rejection.  If any Party disputes the decision of the Claims Administrator to reject

26  a Claim Form, Plaintiffs' Counsel and Defendant's Counsel shall meet and confer in an effort to

27  resolve the dispute.  In the event the Parties cannot resolve the dispute, the Parties shall request

28  the assistance of Magistrate Judge Corley.

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 3:14-CV-05237-EMC

4.7    Within ten (10) business days after the conclusion of the Claim Period, the Claims Administrator shall, based upon the Claim Forms received by the Claims Administrator and according to the terms of this Agreement and other claims procedures that may be implemented: (a) determine whether each Claim Form represents an Authorized Claimant; (b) determine whether any individual has submitted more than one Claim Form, and if so de-duplicate; (c) based on the number of Authorized Claimants, determine the Settlement Benefits to be provided to each Authorized Claimant; and (d) provide to the Parties, if and as requested, the information and methodology used by the Claims Administrator to determine the Settlement Benefits due to each Authorized Claimant.

4.8    No later than ten (10) business days after the Effective Date, Defendant shall transmit the funds necessary to the Claims Administrator to cover the total payments to be sent to Authorized Claimants and provide the Claims Administrator the Electronic Gift Card code for the Sephora Electronic Gift Cards for Authorized Claimants.

4.9    The Settlement Benefits shall be sent to Authorized Claimants by the Claims Administrator, subject to the terms of this Settlement Agreement, within fourteen (14) days after receipt of the funds specified in Paragraph 4.8 from Sephora.

## V.    ATTORNEYS' FEES AND EXPENSES, INCENTIVE AWARDS, AND ADMINISTRATIVE EXPENSES

5.1    At or before the time of the  Final Approval Hearing, Class Counsel will file a motion for approval of Counsel's  Fees and Expenses, to be paid out of the Settlement Amount, supported by appropriate documentation and in amounts not in excess of $418,560 for Fees and $90,000 for Expenses.  Class Counsel agrees that in no event shall they seek approval of  legal Fees or Expenses in excess of these amounts.  Defendant agrees not to oppose any motion by Class Counsel for an award of Fees up to and including $325,000, but reserves the right to oppose any fee request in excess of that amount.  Defendant agrees not to oppose the motion by Class Counsel for Expenses up to and including $90,000, but reserves the right to oppose any expense request in excess of that amount.  Any Fees or Expenses sought by Class Counsel but not

approved by the Court shall remain in the Net Settlement Fund and shall be distributed accordingly.

5.2     No payment for Fees and Expenses shall be made to Class Counsel until and unless (a) there is Final Approval of the Settlement,  (b) the Court has approved Plaintiffs' motion and determined the appropriate amount (not to exceed the amounts set forth herein) of Fees and Expenses to be paid to Plaintiffs' Counsel, and (c) the Effective Date has passed.  Sephora shall deliver payment for such Fees and Expenses awarded by the Court (not to exceed the amounts set forth herein) to the Claims Administrator within ten (10) business days after the Effective Date. After delivering the Fees and Expenses as approved by the Court, Sephora shall have no additional liability for Class Counsels' legal fees or costs.

5.3     The allowance or disallowance by the Court of any Fees and Expenses are to be considered by the Court separately from its consideration of the fairness, reasonableness and adequacy of the Settlement Agreement, and any order or proceedings relating to the application for Fees and Expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the issuance or the finality of the Judgment and Order of Dismissal.

5.4     The Released Parties shall have no responsibility for, and no liability with respect to, payment of any Class Member's attorneys' fees, costs, or expenses to any other individual, law firm, or other entity.  The Released Parties shall also have no responsibility for, and no liability with respect to, the fee allocation among Plaintiffs' Counsel or any disputes regarding such allocation.  Plaintiffs' Counsel agrees to indemnify and hold harmless all of the Released Parties in connection with any such claim or dispute.

5.5     Except as expressly provided herein, Plaintiffs shall bear their own fees, costs and expenses for this litigation, including but not limited to the activities necessary to consummate this settlement.  Defendant shall not assert any claim for expenses, costs, and fees against Plaintiffs relating to or arising out of the Litigation or this Settlement Agreement.

5.6     At or before the time of Final Approval, Plaintiffs will make an application to the Court for two Class Representative service awards, to be paid out of the Settlement Amount, in the following amounts: five thousand dollars ($5,000) to Class Representative Yolin Han and five thousand ($5,000) to Class Representative Ruiqi Ye (the "Service Awards").  Class Representatives shall not be entitled to any Service Awards in excess of these amounts. Defendant agrees not to oppose the application to the Court for Service Awards up to and including the amounts set forth herein. Any amount of Service Awards sought by Plaintiffs but not approved by the Court shall remain in the Net Settlement Fund and be distributed accordingly.

5.7     No payment for Service Awards shall be made to Plaintiffs until and unless (a) there is Final Approval of the Settlement and (b) the Court has approved Plaintiffs' application for Service Awards and determined the appropriate amount (not to exceed the amounts set forth herein) of the Service Awards.  Sephora shall deliver payment for the Service Awards awarded by the Court (not to exceed the amounts set forth herein) to the Claims Administrator within ten (10) business days after the Effective Date.

5.8     Final resolution by the Court of Plaintiffs' application for Service Awards shall not be a precondition to Final Approval of the Settlement or to the dismissal of the Released Claims in accordance with this Settlement Agreement.

5.9     Payment of Administrative Expenses incurred by the Claims Administrator to implement and administer the Settlement Agreement, in an amount not to exceed $25,000, as approved by the Court, shall be paid out of the Settlement Amount.

**VI.     PROCEDURE FOR APPROVAL, REQUESTS FOR EXCLUSION, OBJECTIONS, AND TERMINATION**

6.1     Preliminary Approval of Settlement.  After the execution of this Settlement Agreement, the Plaintiffs will within a reasonable time prepare submit to the Court an Motion for Preliminary Approval of this Settlement with supporting papers and a proposed Preliminary Approval Order, substantially in the form attached hereto as Exhibit D, which: (1) preliminarily approves this Agreement and this Settlement as fair, just, reasonable and adequate; (2)

1    conditionally certifies a Class for settlement purposes only; (3) appoints Wigdor LLP and

2    Anderson & Poole, P.C. as Class Counsel; (4) appoints Yolin Han and Ruiqi Ye as Class

3    Representatives; (5) approves and directs Class Notice to the Class Members as described in this

4    Agreement; and (6) sets a hearing to consider Final Approval of the Settlement and any

5    objections thereto.

6         6.2     Final Approval and the Judgment and Order of Dismissal.  Within a reasonable

7    time following the close of the Claim Period, Plaintiffs will file a motion for Final Approval of

8    the Settlement and for entry of the Judgment and Order of Dismissal holding this Agreement to

9    be final, fair, reasonable, adequate, and binding on all Settlement Class Members who have not

10   excluded themselves as provided below; ordering that the Settlement Benefits be provided as set

11   forth in this Agreement; ordering the releases as set forth in this Agreement to become effective;

12   and entering the Judgment and Order of Dismissal.  As set forth below in Paragraph 8.15, in the

13   event of any modification or termination of this Settlement Agreement, the Court retains the

14   ongoing and exclusive jurisdiction of the Litigation.

15        6.3     Opt-Outs and Objections.  The Class Notice shall advise Class Members of their

16   rights: (a) to forego the Settlement Benefits and preserve their right to pursue an individual claim;

17   and (b) to object to this Settlement Agreement individually or through counsel.

18               6.3.1   Class Members who wish to be excluded from the Class, forgo the

19                       Settlement Benefits, and pursue an individual claim will be instructed to

20                       electronically submit a Request for Exclusion to the Claims Administrator

21                       within the Claim Period, setting forth their name and a statement that they

22                       request exclusion from the class and do not wish to participate in the

23                       settlement.  Any Class Member who submits a timely and valid Request

24                       for Exclusion shall not be a Settlement Class Member, shall not be an

25                       Authorized Claimant, and shall not have standing to object to or otherwise

26                       contest the Settlement Agreement.

27               6.3.2   The proposed Preliminary Approval Order and the Class Notice will

28                       provide that any Class Member wishing to exclude herself or himself from

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 3:14-CV-05237-EMC

the Settlement Class who fails to properly and timely submit the required documents and information will not be excluded from the Settlement Class.

6.3.3    If, within such time as is ordered by the Court and contained in the Class Notice, any Settlement Class Member wishes to object to the Settlement and/or to be heard by the Court, he or she may electronically submit an objection to the Claims Administrator, which in turn will be collected by the Claims Administrator and described in their declaration to the Court in advance of Final Approval.  Each such objection shall follow submission of information sufficient to establish (under penalty of perjury) that the individual objecting is a Settlement Class Member and shall provide a detailed statement of any objection asserted, including the grounds therefor and reasons, if any, for requesting the opportunity to appear and be heard at the Final Approval Hearing.  A Settlement Class Member may also appear at the Final Approval Hearing, either in person or through his or her own legal representative. Pursuant to Paragraph 5.4 of this Settlement Agreement, no Party will be responsible for any payments to any legal representatives appearing on behalf of Settlement Class Members who choose to object and/or to appear at the Final Approval Hearing.

6.4    Within ten (10) business days of the end of the Claim Period, the Claims Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice and the procedures described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and provide that list simultaneously to Defendant's Counsel and Plaintiffs' Counsel.

6.5    Notwithstanding anything else contained in this Agreement, if the total number of Class Members who exclude themselves from the Settlement Class, pursuant to Paragraph 6.3.1 above, exceeds 10%, Sephora will have the option in its sole discretion of withdrawing itself from this Agreement and from the Settlement in its entirety, in which event this Settlement shall not become effective and the provisions of Paragraph 6.6 will apply; provided, however, that such

1     option must be exercised within 10 (ten) business days after receiving notice from the Claims

2     Administrator as to how many Class Members have submitted a timely and valid Request for

3     Exclusion from the Settlement Class.

4          6.6     Modification or Termination of Settlement Agreement. The terms and provisions

5     of this Settlement Agreement may be amended, modified, or expanded by written agreement of

6     the Parties and approval of the Court.  This Settlement Agreement shall terminate at the discretion

7     of either Plaintiffs or Defendant if: (1) the Court, or any appellate court(s), rejects, modifies, or

8     denies approval of any portion of this  proposed Settlement Agreement that the terminating Party

9     in its sole judgment and discretion reasonably determine is material, including, without limitation,

10    the terms of relief, the findings, or conclusions of the Court, the provisions relating to notice, the

11    definition of the Class, and/or the terms of the Release; or (2) the Court, or any appellate court(s),

12    does not enter or completely affirm, or alters, narrows or expands, any portion of the Final

13    Approval Order, or any of the Court's findings of fact or conclusions of law, that the terminating

14    Party in its sole judgment and discretion reasonably determines is material. The terminating Party

15    must exercise the option to withdraw from and terminate this Settlement Agreement by sending a

16    signed writing served on the other Party no later than twenty days after receiving notice of the

17    event prompting the termination. Plaintiffs and Defendant will be returned to their positions status

18    quo ante.  For the avoidance of doubt, the Court's denial, in whole or in part, of Class Counsel's

19    Motion for Fees and Costs is not a ground for Plaintiffs to withdraw from and/or terminate this

20    Settlement Agreement.  In the event that this Settlement Agreement does not become effective

21    because any of the conditions precedent prior to the Effective Date do not occur , then this

22    Settlement Agreement shall be null and void and of no force and effect and the following

23    provisions shall apply:

24              6.6.1   No Fees and Expenses whatsoever shall be awarded or payable to

25                      Plaintiffs' Counsel.

26              6.6.2   No Service Awards whatsoever shall be awarded or payable to Plaintiffs.

27              6.6.3   Sephora will remain responsible to pay for Administrative Expenses

28                      already incurred by the Claims Administrator, and neither Plaintiffs nor

-15-

Plaintiffs' Counsel shall be responsible to pay for such Administrative Expenses.

6.6.4   No term or condition of this Settlement Agreement, or any draft thereof, or discussion, negotiation, documentation, or other aspect of the Parties' settlement discussions shall have any effect, be construed as an admission by any Party, or be admissible or discoverable for any purpose in the Litigation or in any other proceeding.

6.6.5   Nothing herein will be deemed to prejudice the position of any of the Parties with respect to the Litigation.

6.6.6   The Litigation shall for all purposes revert to its status as of the close of business (Pacific Time) on June 9, 2016.  Within ten (10) business days after a determination that the Effective Date will not occur, the Parties shall advise the Court and seek to place Plaintiffs' motion for class certification and the scheduling conference back on the Court's calendar.

6.7   Confidentiality and Publicity.  The Parties, Plaintiffs' Counsel, and Defendant's Counsel agree not to make any public statements, or statements to the press or media, or statements on websites, about the Litigation or the Settlement Agreement; provided, however, that nothing in this Paragraph shall preclude:

6.7.1   Any Party or that Party's counsel from making statements, representations, and disclosures that are legally required by any applicable statute, court order, rule, regulation, or disclosure requirement;

6.7.2   Any Party or that Party's counsel from discussing the Litigation and/or Settlement Agreement directly with any Class Members or their representatives in a non-public communication or forum;

6.7.3   Defendant, its counsel, or its representatives from discussing the Litigation and/or the Settlement Agreement in responding to inquiries from actual or potential customers;

6.7.4   Any Party or that Party's counsel from responding to statements that appear in the press or media that are disparaging to the Party or that Party's counsel;

6.7.5   Counsel for any of the Parties from setting forth basic information concerning their involvement in the Litigation (which shall not include information about the amount of payments made or benefits provided pursuant to the Settlement Agreement) on their firms' websites;

6.7.6   Counsel for any of the Parties from setting forth basic information concerning their involvement in the Litigation (which shall not include information about the amount of payments made or benefits provided pursuant to the Settlement Agreement) in their resumes or in court filings in unrelated actions where the experience of counsel is an issue;

6.7.7   Any Party and that Party's counsel from directing a press or media organization to information about the Litigation and the Settlement Agreement on the law firms' websites, per Paragraph 6.7.5 above;

6.7.8   Any Party and that Party's counsel from providing a press or media organization, upon request by such organization, with copies of the pleadings or Court orders related to the Settlement Agreement.

6.8   In making statements permitted under Paragraph 6.7 above, the Parties and their counsel shall not make any statements (whether written or oral) that disparage, defame, criticize, or demean the Parties or their counsel relating to the Litigation or the Settlement, and shall not state or imply that the Settlement Agreement in any way reflects or implies the existence of fault, liability, loss, or damage.

## VII.   RELEASES

7.1   <u>Settlement Class Member Released Claims</u>.   Upon the Effective Date, each of the Settlement Class Members, on behalf of themselves and each of their respective agents, successors, heirs, and assigns, will be deemed to have, and by operation of the Judgment and Order of Dismissal will have, fully, finally, and forever released, relinquished and discharged the

Released Parties from the following claims, which pursuant to the Settlement Agreement are being released through and including the dates of the Preliminary Approval Order: all claims or causes of action that are pled in or reasonably related to claims and potential claims Litigation, including but not limited to any and all claims related to the November 2014 20% off sale, the Settlement Class Members' "Beauty Insider" accounts, and any and all breach of contract or related or derivative tort claims against any of the Released Parties (the "Settlement Class Released Claims").

7.1.1   With regard to the Settlement Class Released Claims, the Settlement Class Members expressly waive all rights under California Civil Code section 1542, which states:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

7.1.2   A Settlement Class Member may hereafter discover facts in addition to or different from those which she now knows or believes to be true with respect to the subject matter of the Settlement Class Released Claims, but she shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released any and all Settlement Class Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

7.1.3   All Class Members shall be bound by this release unless they formally request exclusion from this Settlement Agreement by submitting a valid and timely Request for Exclusion or comparable documentation.

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 3:14-CV-05237-EMC

7.1.4    Consistent with the foregoing, Settlement Class Members may not sue or otherwise make a claim against any of the Released Parties that is in any way related to, arises out of, or is connected with any of the Settlement Class Released Claims.

7.2    Class Representative Released Claims.  Upon the Effective Date, Class Representatives, on behalf of themselves and each of their respective heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties from all claims or causes of action of any type whatsoever, whether known or unknown, and whether or not arising out of or related to the Litigation (the "Class Representative Released Claims").

7.2.1    With regard to the Class Representative Released Claims, the Class Representatives expressly waive all rights under California Civil Code section 1542, which states:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

7.2.2    A Class Representative may hereafter discover facts in addition to or different from those which she now knows or believes to be true with respect to the subject matter of the Class Representative Released Claims, but she shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released any and all Class Representative Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule,

1          without regard to the subsequent discovery or existence of such different or

2          additional facts.

3      7.2.3   Consistent with the foregoing, the Class Representatives agree not to sue or

4          otherwise make a claim against any of the Released Parties that is in any

5          way related to, arises out of, or is connected with the Class Representative

6          Released Claims set forth in this section.

7      7.3     Notwithstanding the foregoing, neither the Settlement Class Released Claims nor

8  the Class Representative Released Claims do not include any claim or right that may arise after

9  their execution of this Agreement; any claim or right regarding compliance with this Settlement

10 Agreement; or any claim or right that is not waivable as a matter of law.

11                    **VIII.   ADDITIONAL PROVISIONS**

12     8.1     Cooperation.  The Parties and their counsel shall cooperate to effectuate the

13 Settlement on the stated terms and conditions, to obtain preliminary approval of the Settlement

14 Agreement, and to obtain Final Approval.  In the event that the Court asks the Parties to modify

15 any aspect of the Settlement Agreement, the Parties shall meet and confer in good faith to attempt

16 to resolve any issues identified by the Court and to discuss how to allocate any increase in the

17 cost or burden of the Settlement Agreement  Any such modification of the Settlement Agreement

18 shall be by mutual written consent of the Parties, and no Party shall be obligated to accept

19 modifications without its consent except pursuant to Court order.

20     8.2     The Parties represent and agree that the terms of the Settlement Agreement were

21 negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was

22 reached voluntarily based upon adequate information and sufficient discovery and after

23 consultation with experienced legal counsel.

24     8.3     The Parties agree to the conditional certification of the Class described herein for

25 purposes of this Settlement Agreement only.  Should, for whatever reason, the Effective Date not

26 occur, the Parties' stipulation to certification of the Class as part of the Settlement Agreement

27 shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in

28 connection with, the issue of whether or not certification may be proper or appropriate in the

1   Litigation.  Defendant expressly reserves its right to, and declares that it intends to, oppose class

2   certification vigorously should this Settlement not become final.

3       8.4     Motion Papers for Preliminary and Final Approval.  Plaintiffs shall draft the

4   motion for preliminary approval and for final approval of the Settlement as described above, and

5   shall submit the drafts to Defendant's Counsel at least five (5) business days before filing for

6   review and comment.

7       8.5     Class Action Fairness Act Notice.  Within ten (10) business days following the

8   filing of the Motion for Preliminary Approval, Defendant, through the Claims Administrator,

9   shall serve notice of the proposed Settlement upon the required governmental officials pursuant to

10  the Class Action Fairness Action of 2005, 28 U.S.C. § 1715 (with a copy to Plaintiffs' Counsel).

11      8.6     Resolution of Disputes.  The Parties agree that they will return to Magistrate Judge

12  Corley to seek resolution of any dispute, claim or controversy arising out of or relating to this

13  Settlement Agreement or the breach, termination, enforcement, interpretation or validity thereof.

14      8.7     Change of Time Periods. The time periods and/or dates described in this

15  Settlement Agreement with respect to filings, hearings, and notices are subject to approval and

16  modification by the Court or by mutual written agreement of the Parties, without notice to Class

17  Members.  The Class Notice will advise Class Members that they may check the Court's

18  calendar, which is available at http://www.cand.uscourts.gov/emc, to confirm whether the date for

19  the Final Approval Hearing has been changed.

20      8.8     Time for Compliance. If the date for performance of any act required by or under

21  this Settlement  Agreement falls on a Saturday, Sunday or court holiday, that act may be

22  performed on the next business day with the same effect as if it had been performed on the day or

23  within the period of time specified by or under this Settlement  Agreement.

24      8.9     Governing Law. This Agreement is intended to and shall be governed by the laws

25  of the State of California, without regard to conflicts of law principles.

26      8.10    Entire Agreement. The terms and conditions set forth in this Settlement

27  Agreement constitute the complete and exclusive statement of the agreement between the Parties

28  hereto relating to the subject matter of this Settlement  Agreement, superseding all previous

1    negotiations and understandings, including the Memorandum of Understanding executed by

2    Plaintiffs' Counsel and Defendant's Counsel on August 24, 2016, and may not be contradicted by

3    evidence of any prior or contemporaneous agreement. The Parties further intend that this

4    Settlement  Agreement constitutes the complete and exclusive statement of the terms of the

5    Settlement as between the Parties hereto, and that no extrinsic evidence whatsoever may be

6    introduced in any arbitration or judicial proceeding involving this Agreement.  Any modification

7    of this Settlement  Agreement must be in writing signed by Plaintiffs' Counsel, Defendant's

8    Counsel, and Defendant.

9         8.11    Advice of Counsel. The determination of the terms of, and the drafting of, this

10   Settlement  Agreement have been by mutual agreement after negotiation, with consideration by

11   and participation of all Parties hereto and their counsel.

12        8.12    Binding Agreement. This Settlement  Agreement shall be binding upon and inure

13   to the benefit of the respective heirs, successors, and assigns of the Parties hereto.

14        8.13    No Waiver. The waiver by any Party of any provision or breach of this Settlement

15   Agreement shall not be deemed a waiver of any other provision or breach of this Settlement

16   Agreement.

17        8.14    Extensions of Time. The Parties reserve the right, by mutual written agreement, to

18   grant any reasonable extension of time that might be needed to carry out any of the provisions of

19   this Settlement  Agreement.

20        8.15    Enforcement of this Settlement  Agreement.  The Court shall retain jurisdiction to

21   enforce, interpret, and implement this Settlement  Agreement until such time as the Court

22   determines that the Settlement Agreement is fully consummated according to the terms and

23   conditions.

24        8.16    Notices. All notices to the Parties or counsel required by this Settlement

25   Agreement shall be made in writing and communicated by mail and fax or email to the following

26   addresses:

27        If to Plaintiffs or Plaintiffs' Counsel:

28             Jeanne M. Christensen, Esq.

1
2
3
4
5
6
7
8
9
10

Elizabeth J. Chen, Esq.
WIGDOR LLP
85 Fifth Avenue
New York, NY 10003
Tel.: (212) 257-6800
Fax: (212) 257-6845
Email: jchristensen@wigdorlaw.com
Email: echen@wigdorlaw.com

-and-

Jamie C. Couche
ANDERSON & POOLE, P.C.
601 California Street
Suite 1300
San Francisco, California 94108-2818
Tel.: 415-956-6413
Fax: 415-956-6416
Email: jcouche@adplaw.com

11

If to Defendant or Defendant's Counsel:

12
13
14
15
16
17
18
19
20
21
22

Robert Shapiro, Esq.
Shermin Kruse, Esq.
BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
200 W. Madison St
Suite 3900
Chicago, IL 60606
Tel: (312) 984-3100
Fax: (312) 984-3150
Email: rob.shapiro@bfkn.com
Email: shermin.kruse@bfkn.com

-and-

Andrew R. Livingston, Esq.
Kathryn G. Mantoan, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700
Fax: (415) 773-5759
Email: alivingston@orrick.com
Email: kmantoan@orrick.com

23
24
25
26

8.17    The Plaintiffs and Plaintiffs' counsel represent and warrant that Plaintiffs have not assigned, encumbered, or in any manner transferred in whole or in part the Settlement Class Released Claims or the Class Representative Released Claims.

27
28

-23-

1    8.18    <u>Execution in Counterparts</u>.  The Parties may execute this Settlement  Agreement in

2  counterparts and/or by fax or e-mailed PDF, and execution of counterparts shall have the same

3  force and effect as if all Parties had signed the same instrument.

4    IN WITNESS HEREOF the undersigned, being duly authorized, have caused this

5  Settlement Agreement to be executed on the dates shown below.

6    *[signature pages to follow]*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 3:14-CV-05237-EMC

AGREED TO AND ACCEPTED:

Dated: Dec 6th , 2016
_____
Yolin Han
Plaintiff

Dated: _____, 2016
_____
Ruiqi Ye
Plaintiff

Dated: _____, 2016
_____
SEPHORA USA, INC.
By:    Eric Baysinger, Esq.
         Vice President and General Counsel

APPROVED AS TO FORM AND AGREED AS TO PARAGRAPH 6.7:

Dated: _____, 2016
_____
Jeanne Christensen, Esq.
WIGDOR LLP
Counsel for Plaintiffs

Dated: _____, 2016
_____
Jamie Couche, Esq.
ANDERSON & POOLE, P.C.
Counsel for Plaintiffs

Dated: _____, 2016
_____
Robert E. Shapiro, Esq.
BARACK FERRAZZANO KIRSCHBAUM &
NAGELBERG LLP
Counsel for Defendant

Dated: _____, 2016
_____
Andrew R. Livingston, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
Counsel for Defendant

-25-

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 3:14-CV-05237-EMC

AGREED TO AND ACCEPTED:

Dated: _____, 2016

Yolin Han
Plaintiff

Dated: _Dec. 7_____, 2016

Ruiqi Ye
Plaintiff

Dated: _____, 2016

SEPHORA USA, INC.
By:    Eric Baysinger, Esq.
        Vice President and General Counsel

APPROVED AS TO FORM AND AGREED AS TO PARAGRAPH 6.7:

Dated: _____, 2016

Jeanne Christensen, Esq.
WIGDOR LLP
Counsel for Plaintiffs

Dated: _____, 2016

Jamie Couche, Esq.
ANDERSON & POOLE, P.C.
Counsel for Plaintiffs

Dated: _____, 2016

Robert E. Shapiro, Esq.
BARACK FERRAZZANO KIRSCHBAUM &
NAGELBERG LLP
Counsel for Defendant

Dated: _____, 2016

Andrew R. Livingston, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
Counsel for Defendant

-25-

AGREED TO AND ACCEPTED:

Dated: _____, 2016

_____
Yolin Han
Plaintiff

Dated: _____, 2016

_____
Ruiqi Ye
Plaintiff

Dated: _December 7____, 2016

_____
SEPHORA USA, INC.
By:    Eric Baysinger, Esq.
       Vice President and General Counsel

APPROVED AS TO FORM AND AGREED AS TO PARAGRAPH 6.7:

Dated: _____, 2016

_____
Jeanne Christensen, Esq.
WIGDOR LLP
Counsel for Plaintiffs

Dated: _____, 2016

_____
Jamie Couche, Esq.
ANDERSON & POOLE, P.C.
Counsel for Plaintiffs

Dated: _10/8_____, 2016

_____
Robert E. Shapiro, Esq.
BARACK FERRAZZANO KIRSCHBAUM &
NAGELBERG LLP
Counsel for Defendant

Dated: _12/7_____, 2016

_____
Andrew R. Livingston, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
Counsel for Defendant

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 3:14-CV-05237-EMC

AGREED TO AND ACCEPTED:

Dated: _____, 2016

_____
Yolin Han
Plaintiff

Dated: _____, 2016

_____
Ruiqi Ye
Plaintiff

Dated: _____, 2016

_____
SEPHORA USA, INC.
By:    Eric Baysinger, Esq.
         Vice President and General Counsel

APPROVED AS TO FORM AND AGREED AS TO PARAGRAPH 6.7:

Dated: 12/8 _____, 2016

_____
Jeanne Christensen, Esq.
WIGDOR LLP
Counsel for Plaintiffs

Dated: _____, 2016

_____
Jamie Couche, Esq.
ANDERSON & POOLE, P.C.
Counsel for Plaintiffs

Dated: _____, 2016

_____
Robert E. Shapiro, Esq.
BARACK FERRAZZANO KIRSCHBAUM &
NAGELBERG LLP
Counsel for Defendant

Dated: _____, 2016

_____
Andrew R. Livingston, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
Counsel for Defendant

AGREED TO AND ACCEPTED:


Dated: _____, 2016

_____
Yolin Han
Plaintiff


Dated: _____, 2016

_____
Ruiqi Ye
Plaintiff


Dated: _____, 2016

_____
SEPHORA USA, INC.
By:     Eric Baysinger, Esq.
        Vice President and General Counsel


APPROVED AS TO FORM AND AGREED AS TO PARAGRAPH 6.7:


Dated: _____, 2016

_____
Jeanne Christensen, Esq.
WIGDOR LLP
Counsel for Plaintiffs


Dated: _December 8_, 2016

_____
Jamie Couche, Esq.
ANDERSON & POOLE, P.C.
Counsel for Plaintiffs


Dated: _____, 2016

_____
Robert E. Shapiro, Esq.
BARACK FERRAZZANO KIRSCHBAUM &
NAGELBERG LLP
Counsel for Defendant


Dated: _____, 2016

_____
Andrew R. Livingston, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
Counsel for Defendant

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 3:14-CV-05237-EMC

1

**SCHEDULE OF EXHIBITS**

2

Exhibit A        Class Notice

3

Exhibit B        Claim Form

4

Exhibit C        Request for Exclusion

5

Exhibit D        [Proposed] Preliminary Approval Order

6

Exhibit E        [Proposed] Judgment and Order of Dismissal

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION SETTLEMENT AGREEMENT
CASE NO. 3:14-CV-05237-EMC

Exhibit A

To: <<class member email address>>
From: Settlement Administrator
Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION
------------------------------------------------------------------------------------
This email is intended for: <<Claimant Name>>
Claim ID: <<DAHLID>>
------------------------------------------------------------------------------------
NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT
*Ye, et al. v. Sephora USA, Inc.*, United States District Court for the Northern District of
California, Case No. 3:14-cv-05237
------------------------------------------------------------------------------------
**You are receiving this e-mail because in November 2014 you may have had an online
account at Sephora with an associated email address from one the following email service
providers: @qq.com, @126.com or @163.com.**

**Why did I get this notice?**  A settlement ("Settlement") has been proposed in a class action
lawsuit pending in the Northern District of California ("Court") entitled *Ye, et al. v. Sephora
USA, Inc.* (the "Action").  According to available records, you might be a "Class Member."  The
purpose of this notice is to inform you of the Action and the Settlement so that you may decide
what steps to take in relation to it.

**What is the Action about?**  The Action was filed against Sephora alleging it discriminatorily
deactivated from its website thousands of customers in the U.S. whose customer accounts had
email addresses with China-based service providers:  @qq.com, @126.com and @163.com.  The
Action alleges that Sephora prevented these users from participating in the annual 20% discount
sale available to VIB and VIB Rouge customers scheduled to begin on November 6, 2014 (the
"VIB Sale").  Sephora denies wrongdoing and liability, and no court or other entity has made any
judgment or other determination of any liability.

**Am I a Class Member?**  You are a "Class Member" if as of November 4, 2014, you (i) had an
active VIB or VIB Rouge account as of November 4, 2014 that was associated with an email
address from @qq.com, @126.com or @163.com, (ii) had your account deactivated on or about
November 6, 2014, and (iii) attempted to but were unable to make a purchase at ww.sephora.com
using their "Beauty Insider" account(s) at some point in November 2014.

**What relief does the Settlement provide?** If you are a Class Member, you are eligible to
receive your choice of either a cash payment or an electronic gift card.  The amounts paid to
Class Members will be determined on a pro rata basis depending on the number of Class
Members, up to maximum amounts of a $125 cash payment or a $250 electronic gift card.  To be
considered eligible, you must timely complete a valid Claim Form.  A Claim Form is available

by clicking **HERE** or on the Internet at the **Settlement website** www.sephorasettlement.com. The deadline to submit a Claim Form is [TBD], 2016.

**What are my other options?**  If you do not want to be legally bound by the Settlement, you must exclude yourself by [TBD], 2016, or you will be releasing Sephora from any liability with the Action and you cannot sue Sephora for the legal claims in the Action in the future.  The full terms of the release are described more fully in the Settlement website available **HERE**.  If you exclude yourself, you cannot receive any money from this Settlement if it is approved.  A form to exclude yourself is available **HERE** or @ www.sephorasettlement.com. If you are a member of the Class and object to any part of the Settlement, your views will be heard by the Court at the hearing.  The date for this hearing is not yet scheduled but you can stay updated by regularly checking the Settlement website.

**More information?** For complete information about the Settlement, to view the Settlement Agreement, Court documents and Forms, and to learn more about how to exercise your various options under the Settlement, visit www.sephorasettlement.com.  If your web-browser is preventing the hyperlink in this paragraph from working, enter the URL address manually into your browser.  You may also write to the Settlement Administrator at: Sephora Claims Administrator c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614.

This is an automatically generated email. Please do not reply to this message. Please send email inquiries to: mail@sephorasettlement.com.



Exhibit B

**SEPHORA "BEAUTY INSIDER" SETTLEMENT**
**CLAIM FORM**

## CLAIM FORM INSTRUCTIONS

1. Sephora customers who meet all of the following criteria are eligible to submit a Claim Form:

   (i) had one or more Sephora "Beauty Insider" account(s) with VIB or VIB Rouge status as of November 4, 2014 that was associated with an email address from the domain @qq.com, @126.com, or @163.com;

   (ii) had their account(s) deactivated as a result of the computer code that Sephora implemented on or about November 6, 2014; and

   (iii) attempted to but were unable to make a purchase at www.sephora.com using their "Beauty Insider" account(s) at some point in November 2014.

2. Authorized Claimants will receive either a check or an electronic "Sephora Gift Card" that may be used to purchase any item(s) offered on www.sephora.com or any retail store operated and owned by Sephora.

3. The amount of the check or electronic Sephora Gift Card an Authorized Claimant will receive will be determined on a *pro rata* basis based upon the total number of Authorized Claimants, with each Authorized Claimant who selected an electronic Sephora Gift Card receiving twice what each Authorized Claimant who selected cash will receive, and subject to a cap of $125.00 in cash or $250.00 in a Sephora Gift Card to each Authorized Claimant.

4. To complete the Claim Form, you must sign and date the confirmation under penalty of perjury at the bottom of this form.

5. Return your signed and completed Claim Form postmarked by [DATE]. Your claim can be submitted by mail, email or online:

   **By mail:**
   Sephora Settlement Administrator
   c/o Dahl Administration
   PO Box 3614
   Minneapolis, MN 55403-0614

   **By email:**
   info@XXXXXXXXXXXXXXXXXXX.com

   **Online:**
   www.XXXXXXXXXXXXXXXXXXXX.com

6. QUESTIONS? Visit the settlement website at www.XXXXXXXXXXXXXXXXXXXXX.com or call 1-xxx-xxx-xxxx.

## CLASS MEMBER IDENTIFICATION

FIRST NAME OF SETTLEMENT CLASS MEMBER                                    MIDDLE INITIAL

LAST NAME OF SETTLEMENT CLASS MEMBER

CURRENT MAILING ADDRESS

CITY                                                    STATE            ZIP CODE

CURRENT PHONE NUMBER                          CURRENT ALTERNATE PHONE NUMBER

# SEPHORA "BEAUTY INSIDER" SETTLEMENT
# CLAIM FORM

**CURRENT EMAIL ADDRESS**

## ACCOUNT EMAIL ADDRESS(ES)

Please provide any and all email address(es) associated with your Sephora "Beauty Insider" accounts:

**ACCOUNT EMAIL ADDRESS 1**

**ACCOUNT EMAIL ADDRESS 2**

**ACCOUNT EMAIL ADDRESS 3**

**ACCOUNT EMAIL ADDRESS 4**

## CLASS MEMBERSHIP AND BENEFITS ELECTION

1- By marking YES below I state that I attempted to but was unable to make a purchase at www.sephora.com using my "Beauty Insider" account(s) in November 2014.

      O YES        O NO

2- Authorized Claimants will receive either a check or an electronic "Sephora Gift Card" that may be used to purchase any item(s) offered on www.sephora.com or any retail store operated and owned by Sephora. **Each Authorized Claimant who selects an electronic Sephora Gift Card will receive twice the amount that each Authorized Claimant who selected cash will receive.** Please select one:

      O CHECK        O ELECTRONIC SEPHORA GIFT CARD *(TWICE THE CHECK AMOUNT)*

## NAME OR PERSONAL IDENTIFYING INFORMATION CORRECTION

3- If you received an e-mailed notice relating to this settlement that contained any errors to your name or other personal identifying information, please describe the errors in the box below:

## CONFIRMATION AND SIGNATURE

I confirm under penalty of perjury that the information provided in this Claim Form is true and correct.

PRINT NAME

SIGNATURE                DATE

QUESTIONS?  Visit the settlement website at www.XXXXXXXXXXXXXXXXX.com or call 1-xxx-xxx-xxxx

# Exhibit C

*Ye, et al. v. Sephora USA, Inc.*,
Case No. 3:14-cv-05237 (EMC)

### REQUEST FOR EXCLUSION

*Ye, et al. v. Sephora* Class Action

By filing this form, you acknowledge that you have received notice of this class action, the proposed Settlement, the right of exclusion, and the Final Approval Hearing (the "Notice") and that you do **NOT** wish to remain a member of the Settlement Class in the case known as *Ye, et al. v. Sephora USA, Inc.*, Case No. 3:14-cv-05237 (EMC), pending in the United States District Court for the Northern District of California.

File this form if you (a) had one or more Sephora "Beauty Insider" account(s) with VIB or VIB Rouge status as of November 4, 2014 that was associated with an email address from the domain @qq.com, @126.com, or @163.com; (b) had your account(s) deactivated as a result of the computer code that Sephora implemented on or about November 6, 2014; (c) attempted to but were unable to make a purchase at www.sephora.com using your "Beauty Insider" account(s) at some point in November 2014; and (d) you wish to exclude yourself from the lawsuit. **If you file this form, do not file any other form. Do not file this form if you wish to participate in the Settlement of this lawsuit. Do not file this form if you wish to object to the Settlement.**

If you want to exclude yourself from the Settlement Class and not participate in the Settlement, you must complete and mail this form to:

> Sephora Claims Administrator
> c/o Dahl Administration
> P.O. Box 3614
> Minneapolis, MN 55403-0614

Your mailing must be postmarked by _____. If you have any questions, please visit the website, www.sephorasettlement.com, or call _____.

_____

I understand that by signing and mailing this form:

- I will **not** receive any of the monetary benefits of the Settlement as described in the Notice of Settlement;

- I will **not** participate in or be represented as an Authorized Claimant in this Action; and

- I may pursue, at my own expense, whatever claims I may have against Sephora with regard to claims that were the subject of the class action.

**Please type or print:**

First Name                                         MI      Last Name

Address

City                                                                State      ZIP Code

Telephone

Email Address (if any)

I wish to be excluded from the Settlement Class and excluded from participation in the Settlement.

Signature

MM          DD          YYYY

Exhibit D

DOUGLAS H. WIGDOR (NY SBN 2609469)
JEANNE M. CHRISTENSEN (NY SBN 2622124)
ELIZABETH J. CHEN (NY SBN 5126214)
(All admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue
New York, NY 10003
Tel.: (212) 257-6800
Fax: (212) 257-6845

JAMIE C. COUCHE (SBN 252001)
**ANDERSON & POOLE, P.C.**
601 California Street, Suite 1300
San Francisco, CA 94108
Telephone: (415) 956-6413
Facsimile: (415) 956-6416

Attorneys for Plaintiffs,
**RUIQI YE, YOLIN HAN**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUIQI YE and YOLIN HAN, individually and on behalf of all other similarly-situated individuals, | Case No.: 3:14-cv-05237-EMC |
| Plaintiffs, | **[PROPOSED] ORDER PRELIMINARILY APPROVING THE PROPOSED SETTLEMENT** |
| v. | |
| SEPHORA USA, INC., | |
| Defendant. | |

The above matter came before the Court for Preliminary Approval of the Proposed

Settlement, Certification of the Settlement Class, Appointment of Named Plaintiff's Counsel,

Wigdor LLP and Anderson & Poole, P.C., as Class Counsel, Appointment of Dahl

Administration LLC ("Dahl") as administrator of the settlement ("Claims Administrator" or

"Administrator") and Approval of the Proposed Court-Authorized Notice of Settlement (the

"Proposed Notice" or "Notice") (collectively, the "Proposed Order").

1

1.      Based upon the Court's review of the motion papers filed by Plaintiffs Ruiqi Ye and Yolin Han (together referred to as, "Plaintiffs"), including the Declaration of Jeanne M. Christensen ("Christensen Decl.") and the Declaration of Elizabeth J. Chen, and all other papers submitted in connection with the Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Class Action Settlement Agreement (the "Agreement") by and between Plaintiffs and Defendant (the "Parties").

2.      The Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes only ("Class Members" or the "Proposed Class") as:

> All Sephora customers who meet all of the following criteria: (i) had one or more Sephora "Beauty Insider" account(s) with VIB or VIB Rouge status as of November 4, 2014 that was associated with an email address from the domain @qq.com, @126.com, or @163.com; (ii) had their account(s) deactivated as a result of the computer code that Sephora implemented on or about November 6, 2014; and (iii) attempted to but were unable to make a purchase at www.sephora.com using their "Beauty Insider" account(s) at some point in November 2014.

3.      The Proposed Class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

4.      The Court appoints Jeanne M. Christensen and Elizabeth J. Chen of Wigdor LLP, 85 Fifth Avenue, New York, New York 10003, and Jamie C. Couche of Anderson & Poole, P.C., 601 California Street, Suite 1300, San Francisco, CA 94108, as Class Counsel because the firms meet all of the requirements of Federal Rule of Civil Procedure 23(g).

5.      The Court appoints Named Plaintiffs Ruiqi Ye and Yolin Han as Class Representatives.

6.      The Court appoints Dahl Administration LLC as Claims Administrator, who will be responsible for administering the settlement.

7.      The Court approves the proposed Court-Authorized Notice of Settlement (the

"Proposed Notice"), attached as Exhibit 3 to the Christensen Decl., and directs its distribution to the Class Members.

8.    The Court approves the proposed Claim Form, attached as Exhibit 4 to the Christensen Decl., and directs its distribution to the Class Members.

9.    The Court approves the proposed Request for Exclusion Form, attached as Exhibit 5 to the Christensen Decl., and directs its distribution to the Class Members.

10.    The Court hereby sets the following settlement procedure:

a.    Within 14 days after the entry of this Order, Defendants will provide the Claims Administrator and Class Counsel with a list of each Sephora "Beauty Insider" account(s) with VIB or VIB Rouge status as of November 4, 2014 that was associated with an email address from the domain @qq.com, @126.com, or @163.com that was deactivated as a result of the computer code that Sephora implemented on or about November 6, 2014, along with the name and email address(es) associated with each account according to Sephora's records (the "Class Data"), to the extent that Sephora has access to this information.

b.    No later than 10 days after receiving the Class Data, the Claims Administrator shall email to each Class Member at the email address associated with a qualifying "Beauty Insider" account, a link to the Class Notice and a link to the website created and operated by the Claims Administrator ("Class Website") that is dedicated to this Settlement Agreement and provides access to fillable and downloadable Claim Form.

c.    The Proposed Class will have 45 days after the date the Proposed Notice is emailed to submit the Claim Form, or opt-out of or object to the Agreement (the "Claim Period").

d.    The Court will hold a Final Approval Hearing on _____

at _____ a.m./p.m. at Courtroom 5, United States District Court, Northern District of

3

California, 450 Golden Gate Avenue, 17th Floor, San Francisco CA 94102.

       e.       Within 10 business days after the conclusion of the Claim Period, the Claims Administrator shall, based upon the Claim Forms received by the Claims Administrator and according to the terms of this Agreement and other claims procedures that may be implemented: (a) determine whether each Claim Form represents an Authorized Claimant; (b) determine whether any individual has submitted more than one Claim Form, and if so de-duplicate; (c) based on the number of Authorized Claimants, determine the Settlement Benefits to be provided to each Authorized Claimant; and (d) provide to the Parties, if and as requested, the information and methodology used by the Claims Administrator to determine the Settlement Benefits due to each Authorized Claimant.

       f.       Within a reasonable time following the close of the Claim Period, Plaintiffs will submit a Motion for Final Approval of the Settlement and for Entry of the Judgment and Order of Dismissal, and a Motion for Approval of Class Counsel's Fees and Expenses ("Final Approval Motions").

       g.       After the fairness hearing, if the Court grants the Final Approval Motion, the Court will issue a Final Approval Order.  If no party appeals the Final Approval Order, the "Effective Date" of the Agreement will be the last to occur of the following: (a) the date of final affirmance on appeal of the Judgment; (b) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding to review the Judgment; or (c) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment.

       h.       No later than 10 business days after the Effective Date, Defendant shall transmit the funds necessary to the Claims Administrator to cover the total payments to be sent to Authorized Claimants.

i.      The Claims Administrator will disburse the first distribution of settlement checks to the Authorized Claimants, Court-approved attorneys' fees and costs, Court-approved enhancement awards, and Court-approved Claims Administrator's fees within 14 days after receipt of the funds from Defendant.

j.      The Parties shall abide by all terms of the Agreement, including, but not limited to, those terms addressing the timing and method of Defendant's payments into a settlement fund, and disbursal of same by the Claims Administrator to the Proposed Class.

11.     The Court removes all trial-related deadlines and hearings from the calendar.

IT IS SO ORDERED.

Date: December __, 2016

_____
Hon. Edward M. Chen
United States District Court Judge
Northern District of California

5

Exhibit E

DOUGLAS H. WIGDOR (NY SBN 2609469)
JEANNE M. CHRISTENSEN (NY SBN 2622124)
ELIZABETH J. CHEN (NY SBN 5126214)
(All admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue
New York, NY 10003
Tel.: (212) 257-6800
Fax: (212) 257-6845

JAMIE C. COUCHE (SBN 252001)
**ANDERSON & POOLE, P.C.**
601 California Street, Suite 1300
San Francisco, CA 94108
Telephone: (415) 956-6413
Facsimile: (415) 956-6416

Attorneys for Plaintiffs,
**RUIQI YE, YOLIN HAN**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUIQI YE and YOLIN HAN, individually and on behalf of all other similarly-situated individuals,<br><br>      Plaintiffs,<br><br>      v.<br><br>SEPHORA USA, INC.,<br><br>      Defendant. | Case No.: 3:14-cv-05237-EMC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND FOR ENTRY OF THE JUDGMENT AND ORDER OF DISMISSAL AND MOTION FOR APPROVAL OF CLASS COUNSEL'S FEES AND EXPENSES** |

     This matter came before the Court on Plaintiffs' Motion for Final Approval of Settlement and for Entry of the Judgment and Order of Dismissal and Motion for Approval of Class Counsel's Fees and Expenses (the "Final Approval Motions"). Defendant agreed, for settlement purposes only, not to oppose the Final Approval Motions.

     1.    Based upon the Court's review of Plaintiffs' Final Approval Motions, including the Declaration of Jeanne M. Christensen, Esq. ("Christensen Decl."), and all other papers submitted in

connection with Plaintiffs' Final Approval Motions, as well as the discussion held between the Court

and the parties on the record at the _____, 2017 Final Approval Hearing, the Court grants

final approval of the settlement memorialized in the Settlement Agreement, attached to the

Christensen Decl. as **Exhibit __**.  Capitalized terms used in this Order shall have the same meanings

as set forth in the Settlement Agreement, unless otherwise defined herein.

      2.    For settlement purposes, the Court certifies the following class under Rule 23 Fed. R.

Civ. P. 23(e) ("Settlement Class"):

> All Sephora customers who meet all of the following criteria: (i) had one or more Sephora "Beauty Insider" account(s) with VIB or VIB Rouge status as of November 4, 2014 that was associated with an email address from the domain @qq.com, @126.com, or @163.com; (ii) had their account(s) deactivated as a result of the computer code that Sephora implemented on or about November 6, 2014; and (iii) attempted to but were unable to make a purchase at www.sephora.com using their "Beauty Insider" account(s) at some point in November 2014.

      3.    The Settlement Class meets all of the requirements for class certification under

Federal Rule of Civil Procedure 23(a) and (b)(3).

      4.    Wigdor LLP and Anderson & Poole, P.C., which the Court previously appointed as

Class Counsel, satisfy the adequacy requirements of Rule 23(a)(4).

      5.    The Court approves the settlement and all terms set forth in the Settlement

Agreement, and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding on

all members of the Settlement Class who have not timely and properly opted out pursuant to

Paragraph 6.3 of the Settlement Agreement.

      6.    The Court grants Plaintiffs' Motion for Attorneys' Fees and Expenses to Class

Counsel and awards Class Counsel $418,560.00 in attorneys' fees, plus $90,000.00 in costs and

expenses reasonably expended litigating and resolving the lawsuit.  These amounts shall be paid

from the Settlement Amount.

7.     The Court finds reasonable the Service Awards for Class Representatives Ruiqi Ye and Yolin Han in the amounts of $5,000 each.  These amounts shall be paid from the Settlement Amount.

8.     The Court authorizes the payment of the Claims Administration fees to Dahl Administration LLC, estimated to be $25,000 as set forth in the Declaration of _____, attached to the Christensen Decl. as Exhibit __, which shall be paid from the Settlement Amount.

9.     The "Effective Date" of the Agreement will be the last to occur of the following: (a) the date of final affirmance on appeal of the Judgment; (b) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding to review the Judgment; or (c) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment.

10.    No later than 10 business days after the Effective Date, Defendant shall transmit the funds necessary to the Claims Administrator to cover the total payments to be sent to Authorized Claimants.

11.    The Claims Administrator will disburse the first distribution of settlement checks to the Authorized Claimants, Court-approved attorneys' fees and costs, Court-approved enhancement awards, and Court-approved Claims Administrator's fees within 14 days after receipt of the funds from Defendant.

12.    The Claims Administrator shall provide verification to Class Counsel and Defendant's Counsel that it has distributed the Settlement Benefits, retain copies of all of the endorsed Settlement Checks with releases, and provide Defendants' Counsel with the original or copies of the endorsed Settlement Checks (both sides) in accordance with the Settlement Agreement.

13.    Upon the fulfillment of all settlement terms, the entire Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the

Settlement Agreement and this Order.  All Class Members who did not opt out in accordance with the terms of the Settlement Agreement are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released in accordance with the terms of the Settlement Agreement.

14.     The Court retains jurisdiction over the interpretation and implementation of the Settlement Agreement.

IT IS SO ORDERED.

Date: _____ __, 2017

_____
Hon. Edward M. Chen
United States District Judge
Northern District of California

4