UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUIQI YE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SEPHORA USA, INC.,<br><br>    Defendant. | Case No. 14-cv-05237-EMC<br><br>**ORDER RE SUPPLEMENTARY BRIEFING**<br><br>Docket No. 146 |

Currently pending before the Court is Plaintiffs' motion for preliminary approval of a class action settlement. Having considered the motion and accompanying submissions, the Court hereby orders that the parties file a **joint** supplemental brief addressing the following issues. (On some issues, the Court may require input from one party only and not the other.) The joint supplemental brief shall be filed no later than December 23, 2016.

A. <u>Size of the Class</u>

The parties shall explain how they estimated the size of the class. *See* Mot. at 19 (noting that 99,000 accounts were deactivated by Sephora during the November 2014 sale and adding that "[c]ounsel for the parties estimate that approximately 13,869 individuals are members of the proposed Class"); Sett. Agmt. ¶ 2.4 (referring to an estimated 15,000 class members").

B. <u>Release</u>

Under the settlement agreement, the following claims are released:

> all claims or causes of action that are pled in or reasonably related to claims and potential claims Litigation, including but not limited to any and all claims related to the November 2014 20% off sale, the Settlement Class Members' "Beauty Insider" accounts, and any and all breach of contract or related or derivative tort claims against any of the Released Parties.

Sett. Agmt. ¶ 7.1.

The Court is concerned that, as phrased, the release language is too broad. For example, the release does not appear to be limited to claims that could have been brought based on the specific allegations in the operative complaint, and could instead extend to garden variety breach of contract or tort claims that have nothing to do with the conduct described in the complaint. The parties shall meet and confer and propose alternative release language.

C. <u>Maximum Value of the Case</u>

Plaintiffs shall provide an estimate as to the maximum value of their claims, assuming that they were to prevail on the merits. Plaintiffs shall also explain how they arrived at that estimate. For example, did Plaintiffs evaluate past VIB sales? How did Plaintiffs' value the emotional toll resulting from the alleged discrimination?

D. <u>Strengths and Weaknesses in Plaintiffs' Case</u>

Although the motion has some information regarding the strengths and weaknesses in Plaintiffs' case, the discussion is largely conclusory and/or applicable in any given case, and not this case in particular. The parties shall provide *specific* assessment of the strengths and weaknesses in Plaintiffs' case (including the risk of continued litigation) and Sephora's defense(s) thereto. To the extent Plaintiffs have suggested that this case will turn on "conflicting expert testimony" and "complicated data analyses," they shall explain *why*. Mot. at 15.

E. <u>Average Recovery</u>

The parties shall state what they expect the average recovery per class member to be.

F. <u>Plan of Distribution</u>

The parties shall explain why, under the agreed-upon plan of distribution, there is a maximum amount set for the cash and gift-card options. What if, for example, there is a low claims rate by the class such that, in the absence of the cap, a class member could get, *e.g.*, $150 in cash? Why is this problematic?

G. <u>Cash Option</u>

Under the settlement agreement, if a class member opts for cash, then he or she is issued a check that is valid for 180 days. After the 180 days, "the check[] will no longer be valid or

negotiable and *may be* cancelled" and, "*[i]f* cancelled, the value of [the] check[] will be distributed" to a cy pres beneficiary (the National Asian Pacific American Women's Forum). *See* Sett. Agmt. ¶ 3.3 (emphasis added). The parties shall explain what happens if a check is not actually cancelled. For example, is there an implicit reverter to Sephora if a check is not actually cancelled?

H. <u>Gift Card Option</u>

The parties shall explain why a class member that selects the gift card option is given a premium – *i.e.*, twice as much as a class member who opts for cash.

The parties shall also discuss whether the gift card option makes this settlement, at least in part, a coupon settlement. If so, then is CAFA, 28 U.S.C. § 1712, implicated? *See* Sett. Agmt. ¶ 8.5 (indicating that CAFA notice is required); 28 U.S.C. § 1712 (containing provisions on fee awards in coupon settlements).

In addition, what happens if a gift card is not used within a year? Does the unused gift card amount go to the cy pres beneficiary or is there an implicit reverter to Sephora?

I. <u>Notice to the Class</u>

The parties have agreed on e-mail notice to the class in lieu of mail notice, to be supplemented by a posting by Sephora on its Facebook page to the settlement website address. The Court has concerns that this may not be the best notice practicable under the circumstances, at least not without additional safeguards. Most notably, individuals often have multiple e-mail addresses and may not regularly check all of those e-mail accounts. E-mail accounts may be closed without automated forwarding. Moreover, the Court is not convinced at this juncture that mailing is not practicable. It seems likely that billing addresses provided by customers are their mailing addresses. How many online accounts does Sephora not have billing addresses for? The parties should further meet and confer regarding the best notice practicable under the circumstances.

In addition to the above, the parties shall address the following:

- What is the cost of notice by mail (using billing addresses)? Is cost an acceptable factor to consider in determining the best notice practicable under the

3

circumstances?
- Have the parties discussed a "reminder" notice if a class member has not responded to the class notice by a certain date in advance of the deadline for submitting a claim, objecting, or opting out?
- If e-mail notice is to be used, will the notice be sent to all of the e-mail addresses provided by a class member to Sephora (or only if there is a bounce-back for the first e-mail address)?
- If e-mail notice is to be used, can the claim form and opt-out form be included as attachments to the e-mail (*i.e.*, in addition to links)?
- What will the posting on Sephora's Facebook page look like and what will it say?

J. Response by the Class

The settlement agreement contemplates that class members will electronically submit claim forms, exclude themselves, or object. *See* Sett. Agmt. ¶¶ 4.4, 6.3.1, 6.3.3. May class members also respond to the notice by mail, as suggested by the proposed notice?

K. Attorney's Fees

Plaintiffs' papers indicate that they may ask for as much as 44% of the gross settlement fund for attorney's fees (*i.e.*, $418,560 out of the gross settlement fund of $950,000). Although the Court is not requiring Plaintiffs to completely brief their fee motion at this juncture, this fee request is significant, well beyond the 25% benchmark endorsed by the Ninth Circuit, and thus the Court needs some justification for this fee request now rather than later. Plaintiffs shall include a discussion on, *inter alia*, their lodestar – *i.e.*, the hourly rates for attorneys and the hours incurred. In estimating the lodestar, the Court expects Plaintiffs to exercise billing judgment. In addition, the Court expects Plaintiffs to provide at least some information as to how much time was spent on major litigation tasks (*e.g.*, drafting the complaint, drafting the class certification papers). Finally, the Court reiterates here the CAFA issue discussed above in ¶ H.

L. Incentive Awards

Plaintiffs shall justify why a $5,000 incentive award for each named Plaintiff is appropriate, especially since there does not appear to be any significant risk of retaliation and the

4

actual pay-out to each class member may be relatively small.

M.      Proposed Notice

The first bolded paragraph should specify the anticipated average pay-out to a class member.

For the paragraph "What relief does the Settlement provide?," there should be a clearer explanation that how much each class member will get will be dependent on how many claiming class members there are. There should also be a statement reiterating that the $125 and $250 figures are maximum amounts and that the actual pay-out may be substantially less.

For the paragraph "What are my other options?," there should be a hard return between the opt-out and objection options. In addition, the objection option should be rephrased to make clear that an objector is still participating in the settlement (*i.e.*, has not opted out) and further must still submit a claim form or he/she will receive nothing and will be bound by the settlement. Finally, the objection option shall include a discussion of what actually needs to be done in order to object (comparable to the discussion of what needs to be done to submit a claim or to opt out).

The claim form indicates that the claim may be submitted either electronically or by mail, whereas the Settlement Agreement seems to contemplate only the former. The same is true with respect to the opt-out form and objections. The parties should clarify how a class member can respond to the notice – (i) electronically only or (ii) either electronically or by mail.

The parties shall also address why the proposed notice does not include discussion of the following:

- The amount of the gross settlement fund and the specific deductions (*e.g.*, for attorney's fees) sought by Plaintiffs' counsel, subject to decision of the Court.
- The release by the class.
- Who represents the class and contact information for Plaintiffs' counsel.
- The fee motion to be filed by Plaintiffs.
- The date of the final approval hearing.

N.  Proposed Order

    1.  Paragraph 3

The word "settlement" should be inserted into ¶ 3 of the Proposed Order such that ¶ 3 reads as follows: "The Proposed Class meets all of the requirements for settlement class certification under Federal Rule of Civil Procedure 23(a) and (b)(3)."

    2.  Paragraph 10

This paragraph may need to be modified, depending on whether the Court's concerns regarding e-mail notice are addressed.

    3.  Paragraph 10(f)

This paragraph needs to be modified, such that the fee motion shall be filed and available on the settlement website at least three weeks prior to the date that class members must respond to the notice (*i.e.*, submit a claim, object, or opt out).

**IT IS SO ORDERED**.

Dated: December 13, 2016

_____
EDWARD M. CHEN
United States District Judge