# Exhibit 6

DOUGLAS H. WIGDOR (NY SBN 2609469)
JEANNE M. CHRISTENSEN (NY SBN 2622124)
ELIZABETH J. CHEN (NY SBN 5126214)
(All admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue
New York, NY 10003
Tel.: (212) 257-6800
Fax: (212) 257-6845

JAMIE C. COUCHE (SBN 252001)
**ANDERSON & POOLE, P.C.**
601 California Street, Suite 1300
San Francisco, CA 94108
Telephone: (415) 956-6413
Facsimile: (415) 956-6416

Attorneys for Plaintiffs,
**RUIQI YE, YOLIN HAN**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUIQI YE and YOLIN HAN, individually and on behalf of all other similarly-situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SEPHORA USA, INC.,<br><br>Defendant. | Case No.: 3:14-cv-05237-EMC<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING THE PROPOSED SETTLEMENT** |

The above matter came before the Court for Preliminary Approval of the Proposed Settlement, Certification of the Settlement Class, Appointment of Named Plaintiff's Counsel, Wigdor LLP and Anderson & Poole, P.C., as Class Counsel, Appointment of Dahl Administration LLC ("Dahl") as administrator of the settlement ("Claims Administrator" or "Administrator") and Approval of the Proposed Court-Authorized Notice of Settlement (the "Proposed Notice" or "Notice") (collectively, the "Proposed Order").

1. Based upon the Court's review of the motion papers filed by Plaintiffs Ruiqi Ye and Yolin Han (together referred to as, "Plaintiffs"), including the Declaration of Jeanne M. Christensen ("Christensen Decl.") and the Declaration of Elizabeth J. Chen, and all other papers submitted in connection with the Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Class Action Settlement Agreement (the "Agreement") by and between Plaintiffs and Defendant (the "Parties").

2. The Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes only ("Class Members" or the "Proposed Class") as:

> All Sephora customers who meet all of the following criteria: (i) had one or more Sephora "Beauty Insider" account(s) with VIB or VIB Rouge status as of November 4, 2014 that was associated with an email address from the domain @qq.com, @126.com, or @163.com; (ii) had their account(s) deactivated as a result of the computer code that Sephora implemented on or about November 6, 2014; and (iii) attempted to but were unable to make a purchase at www.sephora.com using their "Beauty Insider" account(s) at some point in November 2014.

3. The Proposed Class meets all of the requirements for settlement class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

4. The Court appoints Jeanne M. Christensen and Elizabeth J. Chen of Wigdor LLP, 85 Fifth Avenue, New York, New York 10003, and Jamie C. Couche of Anderson & Poole, P.C., 601 California Street, Suite 1300, San Francisco, CA 94108, as Class Counsel because the firms meet all of the requirements of Federal Rule of Civil Procedure 23(g).

5. The Court appoints Named Plaintiffs Ruiqi Ye and Yolin Han as Class Representatives.

6. The Court appoints Dahl Administration LLC as Claims Administrator, who will be responsible for administering the settlement.

7. The Court approves the proposed Court-Authorized Notice of Settlement (the

"Proposed Notice"), attached as Exhibit 3 to the Christensen Decl., and directs its distribution to the Class Members.

8. The Court approves the proposed Claim Form, attached as Exhibit 4 to the Christensen Decl., and directs its distribution to the Class Members.

9. The Court approves the proposed Request for Exclusion Form, attached as Exhibit 5 to the Christensen Decl., and directs its distribution to the Class Members.

10. The Court hereby sets the following settlement procedure:

a. Within 14 days after the entry of this Order, Defendants will provide the Claims Administrator and Class Counsel with a list of each Sephora "Beauty Insider" account(s) with VIB or VIB Rouge status as of November 4, 2014 that was associated with an email address from the domain @qq.com, @126.com, or @163.com that was deactivated as a result of the computer code that Sephora implemented on or about November 6, 2014, along with the name, last known billing address and all email address(es) associated with each account according to Sephora's records (the "Class Data"), to the extent that Sephora has access to this information.

b. No later than 10 days after receiving the Class Data, the Claims Administrator shall email to each Class Member at all email addresses associated with a qualifying "Beauty Insider" account, a link to the Class Notice and a link to the website created and operated by the Claims Administrator ("Class Website") that is dedicated to this Settlement Agreement and provides access to fillable and downloadable Claim Form. The Claims Administrator will also mail notice to each Class Member to the extent that such Class Members have a billing address associated with their Beauty Insider account.

c. The Proposed Class will have 45 days after the date the Proposed Notice is emailed to submit the Claim Form, or opt-out of or object to the Agreement (the "Claim Period").

d. The Court will hold a Final Approval Hearing on _____ at _____ a.m./p.m. at Courtroom 5, United States District Court, Northern District of California, 450 Golden Gate Avenue, 17th Floor, San Francisco CA 94102.

e. Within 10 business days after the conclusion of the Claim Period, the Claims Administrator shall, based upon the Claim Forms received by the Claims Administrator and according to the terms of this Agreement and other claims procedures that may be implemented: (a) determine whether each Claim Form represents an Authorized Claimant; (b) determine whether any individual has submitted more than one Claim Form, and if so de-duplicate; (c) based on the number of Authorized Claimants, determine the Settlement Benefits to be provided to each Authorized Claimant; and (d) provide to the Parties, if and as requested, the information and methodology used by the Claims Administrator to determine the Settlement Benefits due to each Authorized Claimant.

f. Plaintiffs shall submit a Motion for Final Approval of the Settlement and for Entry of the Judgment and Order of Dismissal, and a Motion for Approval of Class Counsel's Fees and Expenses ("Final Approval Motions") at least three weeks prior to the close of the Claim Period, and shall post such filed fee motion on the settlement website.

g. After the fairness hearing, if the Court grants the Final Approval Motion, the Court will issue a Final Approval Order. If no party appeals the Final Approval Order, the "Effective Date" of the Agreement will be the last to occur of the following: (a) the date of final affirmance on appeal of the Judgment; (b) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding to review the Judgment; or (c) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment.

h. No later than 10 business days after the Effective Date, Defendant shall transmit

4

the funds necessary to the Claims Administrator to cover the total payments to be sent to Authorized Claimants.

  i. The Claims Administrator will disburse the first distribution of settlement checks to the Authorized Claimants, Court-approved attorneys' fees and costs, Court-approved enhancement awards, and Court-approved Claims Administrator's fees within 14 days after receipt of the funds from Defendant.

  j. The Parties shall abide by all terms of the Agreement, including, but not limited to, those terms addressing the timing and method of Defendant's payments into a settlement fund, and disbursal of same by the Claims Administrator to the Proposed Class.

  11. The Court removes all trial-related deadlines and hearings from the calendar.

IT IS SO ORDERED.

Date: December __, 2016

                        _____
                        Hon. Edward M. Chen
                        United States District Court Judge
                        Northern District of California

5

*Ye, et al. v. Sephora USA, Inc.*                                 *[Proposed] Order*
                                                               No. 14-cv-5237-EMC