UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUIQI YE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEPHORA USA, INC.,<br><br>Defendant. | Case No. 14-cv-05237-EMC<br><br>**ORDER RE PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR APPROVAL OF CLASS COUNSEL'S FEES AND EXPENSES AND SERVICE AWARDS TO NAMED PLAINTIFFS**<br><br>Docket Nos. 167, 169 |

Plaintiffs Ruiqi Ye and Yolin Han (collectively, "Plaintiffs") initiated the instant case in November 2014. *See* Docket No. 1 (complaint). Plaintiffs' lawsuit is a putative class action against Defendant Sephora USA, Inc. based on its decision on or about November 6, 2014 (*i.e.*, during an annual sale for "VIB"[1] customers which gives them a 20% discount on products) to deactivate the accounts of customers who had e-mail addresses associated with @qq.com; @126.com; or @163.com. Plaintiffs take the position that the decision to deactivate was discriminatory, as qq.com, 126.com, and 163.com are domains based in China and the websites are all in Chinese. Sephora takes the position that, *inter alia*, it had a nondiscriminatory motive for its action – *i.e.*, that it was trying to deactivate the accounts of resellers and/or bots. In their operative complaint, Plaintiffs have asserted three claims for relief against Sephora: (1) violation of 42 U.S.C. § 1981; (2) violation of 42 U.S.C. § 1982; and (3) breach of contract.

In August 2016, Plaintiffs informed the Court that the case had been settled (with the assistance of Judge Corley). *See* Docket No. 130 (notice). Several months later, in January 2017,

---

[1] VIB stands for Very Important Beauty.

the Court granted Plaintiffs' motion for preliminary approval of the class action settlement. *See* Docket No. 161 (order). Currently pending before the Court is Plaintiffs' motion for final approval, as well as their related motion for attorney's fees, costs, and incentive awards.

In deciding whether to grant final approval, the Court must consider factors such as the following:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004). The bulk of these factors were already considered at the preliminary approval phase, and they counseled in favor of preliminary approval. For example, Plaintiffs faced a significant risk that no class would be certified based on Sephora's argument that individualized issues predominated. The main issues for purposes of final approval is (1) whether notice to the class was sufficient and (2) if so, what was the reaction of the class to the proposed settlement? Based on the supplemental filing provided by Plaintiffs, *see* Docket No. 173 (Supp. Kratz Decl.), the Court is satisfied that the class was adequately notified of the settlement (*e.g.*, through mail and/or email notice) and that the means of notice comported with due process. The vast majority of class members obtained notice by mail, email, or both. Also, the reaction of the class has been positive – in response to the class notice, only three requests for exclusion have been made and one objection (presenting no substantive content). *See* Christensen Decl., Ex. 5 (Kratz Decl. ¶¶ 11-12 & Exs. B-C) (opt-outs and objection).

Accordingly, the Court hereby grants final approval of the class action settlement.

As for the related motion for attorneys' fees, costs, and incentive awards, the Court grants in part and denies in part the motion. The Court approves costs, but finds that both the attorneys' fees and incentive awards requested are excessive.

As to fees, Plaintiffs argue that the lodestar method should be employed because two of their claims are discrimination claims (§§ 1981 and 1982) for which there is the possibility of fee-shifting. *Cf. Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d

935, 941 (9th Cir. 2011) ("The award of attorneys' fees in a class action settlement is often justified by the common fund or statutory fee-shifting exceptions to the American Rule, and sometimes by both."). But Plaintiffs' claimed lodestar of $745,306.50 (based on New York hourly rates) is unreasonable, as is their alternative lodestar of $633,510.53 (based on California hourly rates). The number of hours spent on discovery and for pleadings and motions appears excessive, and Plaintiffs achieved only limited success.

Plaintiffs tout the amounts the claimants will be getting as proof of success ($123.86 per cash claimant and $247.73 per gift card claimant) but, if the entire class had made claims, then the payout would be much smaller, *i.e.*, approximately $27 (*i.e.*, $405,777 net settlement fund ÷ 15,054 class members) if no differentiation were made between gift cards and cash. Moreover, Plaintiffs focus largely on economic loss and do not adequately account for alleged discrimination injuries. To the extent Plaintiffs try to claim success beyond money damages – *e.g.*, "[a]bsent this litigation, the likelihood of [the] accounts being reactivated was extremely low," Fee Mot. at 10 – that is speculative.

In addition, it is worth noting that some of the "successes" for the class were based on the Court's actions, and not those of Plaintiffs' counsel. For example, Plaintiffs were initially content with email notice only (which had limited success). Only with the Court's pressing did the parties agree to additional mail notice. Also, the Court was required to press for no "implied reverter" if a gift card was not used within a year.

Finally, Plaintiffs ignore the percentage method cross-check, which is particularly important given that the settlement here is taking place within the context of Rule 23. *See Feder v. Frank (In re HP Inkjet Printer Litig.)*, 716 F.3d 1173, 1190 (9th Cir. 2013) (Berzon J., dissenting) (stating that, "'[a]lthough a lodestar figure is 'presumptively reasonable,' district courts have an independent obligation under Federal Rule of Civil Procedure 23(h) to ensure the reasonableness of fees"); *see also Munoz v. UPS Ground Freight, Inc.*, No. C 07-00970 MHP, 2009 U.S. Dist. LEXIS 48755, at *4-6 (N.D. Cal. June 5, 2009) ("The use of the percentage method for a common fund is appropriate even when the statute under which plaintiffs sued has a fee-shifting provision"). Plaintiffs' request for $418,560 in attorney's fees, out of a gross settlement fund of

3

1 $950,000 amounts to a fee request of 44%. That is far above the 25% benchmark approved by the
2 Ninth Circuit. The effort spent and results obtained do not warrant an excessive percentage so far
3 above the 25% presumptive benchmark.

Taking into account all of the circumstances, the Court concludes that a fee award of $316,666 is reasonable. That sum is approximately 33 1/3% of the gross settlement fund (well above the 25% benchmark still) and better reflects the limited success achieved. The percentage method provides a fair cross-check on the lodestar.

As for incentive awards, each named plaintiff has asked for $5,000. Although $5,000 in this District is, in general, presumptively reasonable, *see Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015) (Corley, J.), that does not mean that such an award is automatically given. *See also id.* at 267 (noting that "[i]ncentive awards typically range from $2,000 to $10,000"). "A class representative must justify an incentive award through 'evidence demonstrating the quality of plaintiff's representative service,' such as 'substantial efforts taken as class representative to justify the discrepancy between [his] award and those of the unnamed plaintiffs.'" *Id.* at 266; *see also In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 591 (N.D. Cal. 2015) (Davila, J.) (stating that "[t]o determine the appropriateness of incentive awards a district court should use 'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation'").

In the instant case, while each plaintiff discusses generally what she did with respect to the litigation, she does not identify how much time she actually spent on the case. Moreover, Plaintiffs have not explained why a $5,000 award for each individual is appropriate given the relatively small compensation to be received by each class member and the absence of concerns such as retaliation (as often occurs in an employment case). Taking into account all of the circumstances, the Court finds that an incentive award of $3,000 for each named plaintiff is adequate.

For the foregoing reasons, the Court shall enter an order granting the motion for final

approval and granting in part and denying in part the related motion for fees, costs, and incentive awards. All monies not awarded shall not revert back to Sephora but rather shall be redistributed to the class and/or, if necessary, be distributed to the cy pres beneficiary. The order to be entered shall be the parties' proposed order at Docket No. 169-1, except that paragraph 6 shall be modified to reflect the fee award and incentive awards referenced herein.

This order disposes of Docket Nos. 167 and 169.

**IT IS SO ORDERED**.

Dated: May 30, 2017

_____
EDWARD M. CHEN
United States District Judge