1

2

3

4              UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7    RUIQI YE, et al.,                          Case No.  14-cv-05237-EMC

8              Plaintiffs,
                                                **ORDER GRANTING PLAINTIFFS'**
9        v.                                     **MOTION FOR FINAL APPROVAL OF**
                                                **CLASS ACTION SETTLEMENT;**
10   SEPHORA USA, INC.,                         **GRANTING IN PART AND DENYING**
                                                **IN PART PLAINTIFFS' MOTION FOR**
11             Defendant.                       **APPROVAL OF CLASS COUNSEL'S**
                                                **FEE AND EXPENSES AND SERVICE**
12                                              **AWARDS TO NAMED PLAINTIFFS;**
                                                **AND FOR ENTRY OF JUDGMENT**
13                                              **AND ORDER OF DISMISSAL**

14

15

16          This matter came before the Court on Plaintiffs' Motion for Final Approval of Settlement

17   and for Entry of the Judgment and Order of Dismissal and Motion for Approval of Class

18   Counsel's Fees and Expenses (the "Final Approval Motions").  Defendant agreed, for settlement

19   purposes only, not to oppose the Final Approval Motion.

20          1.      Based upon the Court's review of Plaintiffs' Final Approval Motions, including the

21   Declaration of Jeanne M. Christensen, Esq. ("Christensen Decl."), and all other papers submitted

22   in connection with Plaintiffs' Final Approval Motions, as well as the discussion held between the

23   Court and the parties on the record at the May 25, 2017 Final Approval Hearing, the Court grants

24   final approval of the settlement memorialized in the Settlement Agreement, attached to the

25   Christensen Decl. as **Exhibit 2**.  Capitalized terms used in this Order shall have the same

26   meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

27          2.      For settlement purposes, the Court certifies the following class under Fed. R. Civ. P.

28   23(e) ("Settlement Class"):

**United States District Court**
For the Northern District of California

> All Sephora customers who meet all of the following criteria: (i) had one or more Sephora "Beauty Insider" account(s) with VIB or VIB Rouge status as of November 4, 2014 that was associated with an email address from the domain @qq.com, @126.com, or @163.com; (ii) had their account(s) deactivated as a result of the computer code that Sephora implemented on or about November 6, 2014; and (iii) attempted to but were unable to make a purchase at www.sephora.com using their "Beauty Insider" account(s) at some point in November 2014.

3.      The Settlement Class meets all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

4.      Wigdor LLP and Anderson & Poole, P.C., which the Court previously appointed as Class Counsel, satisfy the adequacy requirements of Fed. R. Civ. P. 23(a)(4).

5.      The Court approves the settlement and all terms set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding on all members of the Settlement Class who have not timely and properly opted out pursuant to Paragraph 6.3 of the Settlement Agreement.

6.      The Court grants Plaintiffs' Motion for Attorneys' Fees and Expenses to Class Counsel and awards Class Counsel $316,666.00 in attorneys' fees, plus $90,000.00 in costs and expenses reasonably expended litigating and resolving the lawsuit.  These amounts shall be paid from the Settlement Amount.

7.      The Court finds reasonable the Service Awards for Class Representatives Ruiqi Ye and Yolin Han in the amounts of $3,000.00 each.  These amounts shall be paid from the Settlement Amount.

8.      The Court authorizes the payment of the Claims Administration fees to Dahl Administration LLC, estimated to be $25,663.00 as set forth in the Declaration of Kelly Kratz, attached to the Christensen Decl. as **Exhibit 5**, which shall be paid from the Settlement Amount.

9.      The "Effective Date" of the Agreement will be the last to occur of the following: (a) the date of final affirmance on appeal of the Judgment; (b) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding to review the Judgment; or (c) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment.

10.     No later than 10 business days after the Effective Date, Defendant shall transmit the funds necessary to the Claims Administrator to cover the total payments to be sent to Authorized Claimants.

11.     The Claims Administrator will disburse the first distribution of settlement checks to the Authorized Claimants, Court-approved attorneys' fees and costs, Court-approved enhancement awards, and Court-approved Claims Administrator's fees within 14 days after receipt of the funds from Defendant.

12.     The Claims Administrator shall provide verification to Class Counsel and Defendant's Counsel that it has distributed the Settlement Benefits, retain copies of all of the endorsed Settlement Checks with releases, and provide Defendants' Counsel with the original or copies of the endorsed Settlement Checks (both sides) in accordance with the Settlement Agreement.

13.     Upon the fulfillment of all settlement terms, the entire Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the Settlement Agreement and this Order.  All Class Members who did not opt out in accordance with the terms of the Settlement Agreement are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released in accordance with the terms of the Settlement Agreement.

14.     The Court retains jurisdiction over the interpretation and implementation of the Settlement Agreement.

**IT IS SO ORDERED**.

Dated: May 30, 2017

_____
EDWARD M. CHEN
United States District Judge

3